## In re QUACKENBUSH.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. BANKRUPTCY—DISCHARGE—JUDGMENTS—DISCHARGE OF RECORD—NOTICE OF MOTION.

A judgment debtor, whose application for discharge in bankruptcy, on opposition by a creditor, had been refused, filed a second petition in bankruptcy and made a second application for and received a discharge. The creditor was named in the schedule in the second bankruptcy proceedings, but his true residence was not stated, although his name and address appeared in the city directory. The creditor had no personal knowledge of the second bankruptcy proceedings, or the application for a discharge thereunder, or of a subsequent motion to discharge the judgments of record. The notice of motion to discharge was served on one of the attorneys of record for the creditor, but these attorneys ceased to represent the creditor after final judgment, and he was represented in the first bankruptcy proceedings by another attorney, which was known to the debtor. *Held* that, though the debtor complied with Code Civ. Proc. § 1268, authorizing a bankrupt to apply for the discharge of a judgment of record on notice to the judgment creditor or his attorney of record in the judgment, yet the purpose of the statute was defeated, because no actual notice was given, and that the default on motion to discharge the judgments of record should be opened.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 822.]

2. SAME—VOLUNTARY PROCEEDINGS—NOTICE TO CREDITORS.

Bankr. Act July 1, 1898, c. 541, §§ 7, 58, 30 Stat. 548, 561 [U. S. Comp. St. 1901, pp. 3425, 3444], provide that the bankrupt must file a list of his creditors, showing their residences, if known, and that notice must be sent to the creditors at their respective addresses as they appear in the list of creditors. *Held*, that where a creditor's address was erroneously given in the list filed, and notice sent to that address, and his true address might easily have been ascertained from the city directory, there was no proper notice given.

3. SAME—DISCHARGE OF JUDGMENTS.

On application under the express provisions of Code Civ. Proc. § 1268, by a judgment debtor who has been discharged in bankruptcy for the discharge of judgments of record, the court is without power to discharge the judgments as to another against whom they were also rendered.

Appeal from Special Term, Richmond County.

Application by Abraham Quackenbush, a bankrupt, to have certain judgments of Franklin Burt against him discharged of record. Burt having defaulted and an order been entered discharging the judgments of record, Burt moved to set aside such order. From an order denying his motion, he appeals. Order denying motion reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Stillman F. Kneeland, for appellant.

Allan C. Rowe (James W. Purdy, Jr., on the brief), for respondent.

RICH, J. The facts stated by the appellant are substantially as follows: Appellant recovered judgment for over $5,000 against the respondent, Abraham Quackenbush, and also two other judgments for costs on appeal to the Appellate Division and the Court of Appeals. Subsequently the respondent went into bankruptcy, and his application for discharge was opposed by the appellant and refused by the United States court in bankruptcy. After such denial by the bankruptcy court the bankrupt filed a second petition upon the same debts, and· thereafter made a second application for and received a discharge by the same court. It further appeared that the appellant was named in the schedules as a creditor in the second bankruptcy proceedings, but that his true residence was not stated in the schedules; it being stated as No. 9 Ferry street, New 'York City, while his residence was at St. George, S. I., where he had lived for ten years prior thereto, except that for a small portion of that period he lived at 42 West Ninety-Sixth street, borough of Manhattan, city of New York, and his place of business at the time the second petition in bankruptcy was filed, and at the time of the making of the schedules therein, was 81 Fulton street, borough of Manhattan, and that his name and address appeared in the city directory. The appellant had no personal knowledge of the second proceedings in bankruptcy, or of the application for a discharge thereunder, or of the subsequent motion to discharge these judgments. It appeared that notice of the motion to discharge the judgments was served upon one of the attorneys of record for appellant; but these attorneys ceased to represent appellant after the final judgment was entered, and he was represented in the first bankruptcy proceedings by another attorney in no wise connected with the attorneys of record, and it is not pretended that notice was given him, or that appellant was ever informed of the service of the notice upon his former attorneys. Upon the contrary, it appears affirmatively that he was not. Respondent knew that the appellant was no longer represented by the original attorneys of record, and that another attorney had successfully resisted his previous application for discharge in bankruptcy. No notice was given to the substituted attorney. This might easily have been done. While the respondent complied with the provisions of Code, §§ 1268, yet the purpose of the statute was defeated because no actual notice was given. I think, therefore, that under

the circumstances a proper exercise of discretion demanded that the default be opened.

But this is not all. I am of the opinion that no proper notice of the second bankruptcy proceedings was given. The bankruptcy act (Act July 1, 1898, c. 541, §§ 7, 58, 30 Stat. 548, 561 [U. S. Comp. St. 1901, pp. 3425, 3444), provides that the bankrupt must file "a list of his creditors showing their residences, if known," and that notices must be sent to the creditors at "their respective addresses as they appear in the list of creditors." Appellant's true address might easily have been ascertained by referring to the directory, and, while the purpose of the proceeding undoubtedly was to escape the payment of the judgments held by appellant, his address was erroneously given, and the discharge obtained without notice to the largest creditor, and the one who had successfully defeated respondent's former application for a discharge. In Columbia Bank v. Birkett, 174 N. Y. 112, 66 N. E. 652, 102 Am. St. Rep. 478, Judge Gray, writing for the court, said:

"I think it was intended that the decree discharging the voluntary bankrupt should be confined in its operations to the creditors who had been duly listed and who were enabled to receive the notices which the act provides for."

I think, within this rule, the appellant established a valid defense to the motion for the discharge of the judgments, and that his motion was improperly denied.

There is another reason why the default ought to have been opened. The judgments were against two defendants—the respondent and one Taylor. There was no power in the court to discharge the judgments as against Taylor, but the county clerk was directed to cancel and discharge the judgments against both defendants. I think the order discharging the judgments was improperly granted.

The order from which this appeal is taken must therefore be reversed, with $10 costs and disbursements, and the motion granted.

All concur, except HIRSCHBERG, P. J., not voting.