## MURPHY v. BLUMENREICH.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

BANKRUPTCY—EFFECT OF DISCHARGE—IMPROPER SCHEDULING OF DEBTS.

A judgment against a bankrupt will not be canceled and discharged of record, notwithstanding the discharge in bankruptcy, of application for which the judgment creditor had no notice; the bankrupt in scheduling his debts not having, as required by the act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), shown "the residence" of his creditors, "if known, or, if unknown, that fact to be stated," but having given as the residence of the judgment creditor a place where he never resided, though his name and address, and that of his attorney of record, had for several years appeared in the directory of the city where the judgment was docketed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 775.]

Appeal from Special Term, Kings County.

Action by James H. Murphy against Gustav Blumenreich. From an order, plaintiff appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

David J. Gladstone, for appellant.

RICH, J. No notice of defendant's application for a discharge in bankruptcy was given to plaintiff. He never received any notice that the application had been made until served with motion papers in this

proçeeding. It appears that his name and address has appeared in the city directory of the city of Brooklyn (where the judgment was docketed) for several years; that the name and address of the attorney of record who procured the judgment has also appeared in the same city directory, and also in the telephone directory of the city of Brooklyn, and yet the place of residence of the judgment creditor was given as Hoboken, N. J., a place where he never resided.

The bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) provides that the bankrupt shall schedule his property, showing the amount and kind of property, the location thereof, and a list of his creditors, showing their residence, if known, or, if unknown, that fact to be stated. This the bankrupt did not do. Inquiry of the attorney of record would have revealed the residence of the creditor, or he might have ascertained the judgment creditor's place of residence by consulting the Brooklyn City Directory, where the judgment was docketed; but, instead of doing this, gave a fictitious address. Plaintiff's debt was not properly scheduled, and the order directing that the judgment be canceled and discharged of record must be reveresd, with $10 costs and disbursements. All concur.