## MILLER *v.* GUASTI.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 478.  Submitted October 15, 1912.—Decided December 2, 1912.

A debt of the bankrupt not properly scheduled as required by § 7 of the Bankruptcy Act is not barred by the discharge if the creditors had no notice or actual knowledge of the proceeding.

A finding by the Circuit Court of Appeals that the bankrupt had actual knowledge of the residence and address of the creditor is binding on this court.

203 N. Y. 259, affirmed.

THE facts are stated in the opinion.

*Mr. Albert M. Yuzzolino* for defendants in error, in support of a motion to affirm the judgment.

*Mr. William C. Rosenberg* for plaintiff in error, in opposition thereto.

Memorandum opinion, by direction of the court, by MR. JUSTICE DAY.

Tobias Miller, plaintiff in error herein, obtained a discharge in bankruptcy in the District Court of the United States for the Southern District of New York.  Among his liabilities was a judgment rendered in the City Court of New York April 16, 1895, in favor of the defendants in error, Guasti and Bernard.  Miller applied at a Special Term of the Supreme Court of the County of New York for an order cancelling the judgment under § 1268 of the Code of Civil Procedure because of the discharge in bankruptcy.  The Supreme Court held that he was not entitled to have the judgment cancelled.  The order was affirmed by the Appellate Division and its order was affirmed by the Court of Appeals.  203 N. Y. 259.  That order being entered in the Supreme Court, this writ of error was sued out.  A motion is made here to affirm the judgment of the state court.

From the facts found in the Court of Appeals it appears that Miller in his bankruptcy schedules set forth that the residence and occupation of Guasti and Bernard, holders of the judgment, were "Unknown.—California." The court further found that Guasti and Bernard knew nothing of the proceedings in bankruptcy until long after the discharge, and first learned of them August 23, 1910. The Court of Appeals further found that the affidavits filed sustained the finding of the Special Term that Miller had actual knowledge of the residence and postoffice address of Guasti and Bernard. Such finding of fact is binding upon this court, and is moreover amply sustained by the record.

The Bankruptcy Act provides, § 17:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy."

Section 7 of the Bankruptcy Act requires a bankrupt to file in court a schedule made under oath containing, among other things, "a list of his creditors, showing their residences, if known, if unknown, that fact to be stated," etc. It therefore appears that the Bankruptcy Act does not extend the protection of the discharge to debts not duly scheduled in time for proof and allowance.

In view of the facts found, it is manifest that the debt of Guasti and Bernard was not scheduled as it should have been in order to make the discharge operative as to it. Their residence, though found to be known, was not stated as required by the act, and the creditor did not have actual knowledge of the bankruptcy proceedings until long after their termination. We think the correctness of the judgment is so plain as not to require further argument.

*Affirmed.*