## HORBACH v. ARKELL.

(Supreme Court, Appellate Division, First Department.    May 5, 1916.)

1. BANKRUPTCY ⬤⟿425—IMPERFECT SCHEDULE—DISCHARGE.

Under Bankr. Act July 1, 1898, c. 541, § 7, 30 Stat. 548 (U. S. Comp. St. 1913, § 9591), requiring bankrupt to file a schedule containing a list of his creditors, showing their residences, a debt is not duly scheduled, and so, under section 17 (U. S. Comp. St. 1913, § 9601), not affected by bankrupt's discharge; the creditor not having actual knowledge of the proceeding, his residence being given in the schedule at a club, of which he was a member, but at which he did not reside.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 775; Dec. Dig. ⬤⟿425.]

2. BANKRUPTCY ⬤⟿425—IMPERFECT SCHEDULE—DISCHARGE—ACTUAL KNOWLEDGE—EVIDENCE.

Against the testimony of a creditor that he did not receive notice of the bankruptcy proceeding till after the adjudication, evidence that notices were mailed to him at a club of which he was a member, and that he had left instructions there to have his mail forwarded to his residence in another state, is insufficient to raise the issue of his actual knowledge, necessary for his debt, not duly scheduled, to be affected by the discharge of bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 775; Dec. Dig. ⬤⟿425.]

Appeal from Trial Term, New York County.

Action by Paul W. Horbach against William J. Arkell. From an adverse judgment on a verdict, and from an order denying a motion for new trial, plaintiff appeals. Reversed and directed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Samuel M. Fleischman, of New York City, for appellant.
William A. Sweetser, of New York City, for respondent.

PAGE, J. This action was brought between the original parties upon a judgment of the Supreme Court, New York County. The defendant has pleaded his discharge in bankruptcy, on the 15th day of

July, 1908, in the United States District Court for the District of Nevada. In the schedules in bankruptcy filed by the defendant, the plaintiff's claim was scheduled as follows:

"Creditor, Paul W. Horbach. Residence, Lotos Club, New York. When and where contracted, New York, May 20, 1905. Nature and consideration of debt, judgment in Supreme Court, brokerage account, amount $12,182.10."

The plaintiff proved upon the trial that the Lotos Club never had been his residence; that at the time the bankruptcy proceedings were instituted and pending his residence was in Omaha, Neb.

[1] It is the duty of the bankrupt to file a schedule containing a list of his creditors, showing their residences if known; if unknown, that fact to be stated. Bankr. Act 1898, § 7. This schedule furnishes the basis for the notices which the referee or the court is to give thereafter to the creditors. The importance, therefore, of a strict compliance with this provision is obvious, and is emphasized by the provision of the act that where the debt has not been duly scheduled it is excepted from, and the debt is not affected by, the discharge. Section 17. The Court of Appeals has said:

" * * * It was intended that the decree discharging the voluntary bankrupt should be confined in its operations to the creditors, who have been duly listed and who were enabled to receive the notices which the act provides for." Columbia Bank v. Birkett, 174 N. Y. 112, 117, 66 N. E. 652, 653 (102 Am. St. Rep. 478).

And in affirming the judgment the United States Supreme Court said:

"The provisions of the law relied upon by plaintiff in error are for the benefit of creditors, not of the debtor. That the law should give a creditor remedies against the estate of a bankrupt, notwithstanding the neglect or default of the bankrupt, is natural. The law would be, indeed, defective without them. It would also be defective if it permitted the bankrupt to experiment with it, so to manage and use its provisions as to conceal his estate, deceive or keep his creditors in ignorance of his proceeding without penalty to him." 195 U. S. 345, 350, 25 Sup. Ct. 38, 40 (49 L. Ed. 231).

The necessity of giving the correct address of the creditor in these schedules has frequently been before our courts. Matter of Quackenbush, 122 App. Div. 456, 106 N. Y. Supp. 773; Murphy v. Blumenreich, 123 App. Div. 645, 108 N. Y. Supp. 175; McKee v. Preble, 154 App. Div. 156, 138 N. Y. Supp. 915. And it has always been held that when there is a failure to state the correct residence of the creditor the debt is not duly scheduled, and hence not discharged by the decree in bankruptcy, unless it shall appear that the creditor had actual knowledge of the proceeding. In the case last cited this court held that the giving of the office or business address of the creditor was not a compliance with the requirement of the act. How much less would it be a compliance with the act to give the address of a club of which the creditor was a member.

[2] The plaintiff in this case testified positively that he did not at any time receive notice of the proceedings and did not until a long time after the adjudication have knowledge thereof. The sole evidence introduced by the defendant upon this question was proof of mailing of notices to the address given in the schedules and the fact that the

plaintiff had left instructions to have his mail forwarded. This was insufficient to raise an issue on the question of actual knowledge and the case should not have been submitted to the jury. The defendant could by inquiry at the club have ascertained the plaintiff's actual residence. He therefore did not make a reasonable effort to ascertain his residence, and in the absence of proof of the plaintiff's actual knowledge of the proceedings during their pendency, the court should have granted plaintiff's motion and directed a verdict.

The judgment will therefore be reversed, with costs, and judgment directed for the plaintiff for $12,182.10, with interest thereon from May 20, 1905, with costs. Order filed. All concur.