WILLIAM HARRIS, Respondent, *v.* OTTO STEINWAX, Appellant.
WILLIAM HARRIS, an Infant, by WILLIAM HARRIS, His Guardian ad Litem, Respondent, *v.* OTTO STEINWAX, Appellant.

First Department, May 4, 1923.

Bankruptcy — motion by discharged bankrupt under Debtor and Creditor Law, § 150, to cancel judgments — evidence in opposition to motion did not overcome presumption raised by order of discharge.

On a motion by a discharged bankrupt under section 150 of the Debtor and Creditor Law to cancel judgments recovered against him prior to bankruptcy, the presumption arising under subdivision f of section 21 of the Bankruptcy Act that

the debts in question were scheduled properly and that the creditors had notice of the bankruptcy proceeding is not overcome by an affidavit of the attorney for the creditors that he entered the Navy at the beginning of the World War and did not receive the notice and that he had been unable to learn of the judgment creditors' address, where the bankrupt proves due publication of notice and service thereof on the attorney, and where a copy of the schedule or that portion relating to the judgment is not annexed to the attorney's affidavit, nor are the affidavits of the creditors produced showing that they had no notice or knowledge of the bankruptcy proceedings.

FINCH, J., dissents, with opinion.

APPEAL by the defendant, Otto Steinwax, in each of the above-entitled actions from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of February, 1922, denying, respectively, defendant's motions to cancel a judgment obtained against him in each action.

*H. H. Cohen,* for the appellant.

*Emery C. Weller,* for the respondents.

PAGE, J.:

The defendant moved to cancel judgments separately recovered by the respective plaintiffs against the defendant for negligence, on an order of the United States District Court for the Western District of New York, entered in the matter of Otto Steinwax, bankrupt, dated September 26, 1921, forever discharging said Steinwax from all debts and claims which by the act of Congress, entitled " An Act to establish a uniform system of bankruptcy throughout the United States,"* are made provable against his estate, and which existed on July 26, 1917, excepting such debts as are by law excepted from operation of a discharge in bankruptcy; and on his own affidavit that the judgments of the plaintiffs were included in the schedule of creditors and actual notice given to the plaintiffs and to their attorney.

In opposition to this motion the plaintiffs' attorney presented his affidavit, stating that he entered the Navy at the entrance of the country into the World War, and did not receive the notice, and that he had been unable to learn the plaintiffs' address, they having removed from the place of their residence at the time the judgments were recovered. In reply the defendant made proof of the publication of the notice of the first meeting of creditors, and also of the mailing thereof to the plaintiffs in care of their attorney. The plaintiffs' attorney argues that the debt was not properly scheduled, but a copy of the schedules, or of that portion relating to these judgments, is not annexed, nor are the affidavits

---

* See 30 U. S. Stat. at Large, 544, chap. 541, as amd.— [REP.

of the clients produced, showing that they had no notice or knowledge of the bankruptcy proceedings. Upon these facts, the court should have granted the order. Section 150 of the Debtor and Creditor Law* applies to this case and is mandatory upon the court to grant an order canceling a judgment at any time after one year has elapsed since a bankrupt was discharged from his debts, if it appears that he has been discharged from the payment of that judgment The court in *Kreitlein* v. *Ferger* (238 U. S. 21, 26) said: "Under the provisions of § 30 of the Bankruptcy Act,† this court has prescribed the form [59] of the 'Order of Discharge' which, among other things, contains a recital that the bankrupt has been discharged from all provable debts existing at the date of the filing of the petition, ' excepting such as are by law excepted from the operation of a discharge in bankruptcy.' Section 21f further declares that a certified copy of such order ' shall be evidence of the jurisdiction of the court, the regularity of the proceedings, and of the fact that the order was made.' "

In *Matter of Peterson* (137 App. Div. 435, 438), referring to section 21, subdivision f, of the Bankruptcy Act (30 U. S. Stat. at Large, 552), the court said: "Under this provision it would be presumed that the debts in question were scheduled properly, and that the appellants had notice of the bankruptcy proceedings."

The evidence submitted in opposition to the motion was not sufficient to overcome the presumptions raised by the order of discharge.

The orders should be reversed, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs.

DOWLING, MERRELL and McAVOY, JJ., concur; FINCH, J., dissents.

FINCH, J. (dissenting):

The evidence submitted in opposition to the motion to cancel the judgment on the ground of the discharge in bankruptcy of the judgment debtor was found by the court at Special Term to be sufficient to overcome the presumption raised by the order of discharge, and the record amply sustains the finding. On this motion the bankrupt swore that " actual notice to the plaintiff of deponent's petition in said bankruptcy proceedings were (*sic*) given to the plaintiff and to his attorney." It appears that such " actual notice " consisted of mailing notices to the judgment creditor in care of the attorney who represented the judgment creditor in the actions in which such judgments were recovered. It also appears

---

* Since amd. by Laws of 1922, chap. 77.— [REP.

† See 30 U. S. Stat. at Large, 554, § 30.— [REP.

that the notices never were received by the attorney, which conclusively rebuts any presumption that they were received by the judgment creditor. Moreover, it appears that the claims were not properly scheduled, in that there was no authority for giving the judgment creditor's address in care of his attorney after the termination of the action. If diligent inquiry failed to reveal the same, the defendant might have stated the address of the judgment creditor to have been unknown. An examination of the record would have disclosed the address of the judgment creditor, as " it appears by said judgment roll [that] said William Harris resided at 540 West 53d Street, Borough of Manhattan, City of New York." Statutory provisions must be strictly followed by a judgment creditor who seeks to be released from his indebtedness. (*Horbach* v. *Arkell,* 172 App. Div. 566. See *Matter of Quackenbush,* 122 App. Div. 456; *Columbia Bank* v. *Birkett,* 174 N. Y. 112.)

The orders of the Special Term were right and should be affirmed, with ten dollars costs and disbursements.

In each case, order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.