Appeal from an order of the Supreme Court at Sullivan County Special Term, which vacated .and set aside orders in supplementary proceedings taken to collect certain judgments which appellants had, respectively, obtained against the respondent. The order was granted upon the ground that the respondent had been duly discharged from said judgments in voluntary bankruptcy. The schedules filed in the bankruptcy proceedings listed the judgments and the judgment creditors, but neither as originally filed nor as later amended did they state the residence address of either creditor, nor the fact that such was unknown, as required by the act (U. S. Code, tit. 11, § 25, par. [a], el. [8]). A strict compliance with that requirement has been held essential to the debt’s discharge. (Sorbach v. Arlcell, 172 App. Div. 566.) The amendment of the schedules which purported to give the office addresses of the attorneys who had represented appellants in procuring the judgments many years before was wholly unavailing as a compliance with the rule. (Continental Purchasing Co. v. Norelli, 133 1SÍ. J. L. 550, affd. 135 N. J. L. 93.) If a more tolerant view is permissible to allow the judgment debtor to now establish the fact that at the time of his bankruptcy he did not know the residence addresses of these creditors despite due, diligent and honest efforts to ascertain them, it is our judgment upon the whole record before the Special Term that he failed to do so. Order reversed, on the law and facts, with $10 costs and disbursements, and the matter remitted to the Special Term for the purpose of filing the date for the examination in supplementary proceedings. Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ., concur.