ALBERT PETERSON et al., Respondents, v. TRIBOROUGH TRANSPORTATION CORP., Appellant.— In an action to recover damages for personal injuries sustained by plaintiffs Albert Peterson and Robert Brostock, arising out of a collision between a motorcycle on which they were riding and a truck owned by defendant, and by their fathers for medical expenses and loss of services, defendant appeals from a judgment in favor of plaintiffs. Judgment, insofar as it is in favor of plaintiffs Albert Peterson, Albert B. Peterson and Anthony J. Brostock, unanimously affirmed, without costs. No opinion. Judgment, insofar as it is in favor of plaintiff Robert Brostock, reversed on the facts and a new trial granted as to said plaintiff, with costs to appellant to abide the event, unless within ten days after the entry of the order hereon, said plaintiff stipulate to reduce the amount of the verdict in his favor to $1,620, in which event the judgment, as so reduced, is unanimously affirmed, without costs. In our opinion the verdict in favor of plaintiff Robert Brostock was excessive. Nolan, P. J., Carswell, Adel, Wenzel and Schmidt, JJ., concur.

MINEOLA PLUMBING SUPPLY Co. INC., Respondent, v. RANDOLPH M. TAYLOR, Appellant. PHILIP W. RIEGEL, Appellant.— On May 4, 1933, respondent recovered a judgment against appellant Taylor and another, who is not concerned in this appeal. No execution was issued prior to January 22, 1952, when the respondent caused a levy to be made upon a particular parcel of property owned by appellant Taylor in Nassau County, under section 512 of the Civil Practice Act, by issuing an execution with the Sheriff of Nassau County. Pursuant thereto, notice of pendency of action was filed by the Sheriff, and a deputy sheriff personally notified appellant Taylor of both the levy and the filing of the *lis pendens*. Two days thereafter appellant Taylor conveyed the property to appellant Riegel. Riegel moved to set aside the execution for failure to comply with sections 651 and 652 of the Civil Practice Act, for an order vacating the notice of pendency, and for an order vacating the notice of sale. Respondent cross-moved to issue execution *nunc pro tunc* as of January 22, 1952, pursuant to sections 651 and 652 of the Civil Practice Act. The order appealed from denied appellant Riegel's motion and granted respondent's cross motion. Riegel and Taylor appeal from the order. Order of the County Court, Nassau County, modified by striking therefrom everything following the word " denied " in the first ordering paragraph, and by adding a provision that the cross motion is denied. As so modified, the order is affirmed, with one bill of $10 costs and disbursements to respondent. The execution was properly issued under section 512 of the Civil Practice Act, since ten years had expired since the entry of judgment for a sum of money only. Permission to issue the execution *nunc pro tunc* under sections 651 and 652 of the Civil Practice Act is not required. (Cf. *Rondout Nat. Bank* v. *Shappee,* 192 Misc. 727.) Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.