RITA L. WYSER, Appellant, v. GEORGE ESTRIN, Respondent.— Plaintiff appeals from an order, dated February 18, 1954, denying her motion for leave to issue an execution upon a judgment; from another order dated May 3, 1954, granting her motion for reargument upon additional papers, insofar as the original determination is adhered to; and from a third order dated May 3, 1954, granting defendant's motion to vacate a notice of levy, which had been given under section 512 of the Civil Practice Act, and to direct cancellation of said notice as a *lis pendens*, which notice had been recorded and indexed as such. Order on reargument dated May 3, 1954, modified by striking from the ordering paragraph the words "the original decision is adhered to" and by substituting in lieu thereof the following: "plaintiff's original motion for leave to issue execution is granted." As so modified, order affirmed. Appeal from order dated February 18, 1954, dismissed. Order dated May 3, 1954, granting defendant's motion to vacate a notice of levy, reversed and motion denied. Appellant is to have a single bill of $10 costs and disbursements on all the appeals, and $10 costs each on her motion for reargument and on defendant's motion. The judgment in question was entered in the office of the clerk of the county of Orange on May 27, 1935, after trial in the Supreme Court. It was in favor of appellant and against respondent in the amount of $5,510.92. The papers on appeal reveal that the appellant's attorney of record in that action was A. C. N. Thompson, of No. 5 South Street, Middletown, New York. Almost five years subsequent to the entry of the judgment, respondent filed

a voluntary petition in bankruptcy, following which and on May 15, 1940, the bankruptcy court granted him a discharge from debts. Respondent's schedules in bankruptcy listed appellant by her name, as a creditor, setting forth therein the fact of the entry of the judgment, including its date and the court and county where it had been procured; but, instead of stating appellant's residence, stated that it was " unknown to bankrupt ", and after appellant's name appeared: " c/o ", following which attorney Thompson's name and address were set forth. Sometime in 1946 respondent acquired an interest in property, including real property, and appellant, in 1953, never having issued execution upon the judgment, made her motion for leave to issue the usual execution. The motion was denied, and she thereafter issued the particular execution under section 512 of the Civil Practice Act, for issuance of which leave of the court is not required (*Mineola Plumbing Supply Co.* v. *Taylor*, 280 App. Div. 873; *Rondout Nat. Bank* v. *Shappee*, 192 Misc. 727); in accordance, the Sheriff made a levy and the Sheriff's notice of levy was filed with the County Clerk, who, in turn, recorded and indexed the notice as a *lis pendens*. Upon her said motion for leave to issue execution, against the obstacle of the discharge in bankruptcy, appellant averred in an affidavit that she had no knowledge or notice of the bankruptcy proceeding until after the making of the motion; and submitted affidavits by an attorney, Herbert Stern, to the effect that he was substituted as her attorney in place of Thompson, by consent signed by the latter on April 8, 1936, that an order in supplementary proceedings procured by him in July of that year could not be served on the respondent by a process server, and that he continued to represent the appellant but did not know of the bankruptcy proceeding at any time. On the other hand, respondent stated in affidavits that neither he nor his attorney ever knew appellant's address, " except that she was a resident of some place in upstate, New York "; and that, " Immediately prior to the filing of the petition in bankruptcy ", attorney Thompson had sent him letters demanding payment of the judgment. No such letters were submitted to the court and no affidavit by Thompson has been submitted. A discharge in bankruptcy releases the bankrupt from all provable debts except, among others, those which " have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy " (U. S. Code, tit. 11, § 35, subd. [a], par. [3]) and the discharge is ineffective as against a specific debt if the debt was not scheduled in accordance with the provisions of the act (U. S. Code, tit. 11, § 25, subd. [a], par. [8]) which required, as of the time here in question, the setting forth of creditors' residence addresses (*Miller* v. *Guasti*, 226 U. S. 170, affg. *sub nom. Guasti* v. *Miller*, 203 N. Y. 259). Strict compliance with these provisions of the statute is required (*Horbach* v. *Arkell*, 172 App. Div. 566). Where a creditor's address was in fact unknown to the bankrupt, it has been held that the latter must at least have made a reasonable effort to ascertain it for the purpose of scheduling the debt (*Horbach* v. *Arkell, supra; Hyde Park Flint Bottle Co.* v. *Miller*, 179 App. Div. 73; *Murphy* v. *Blumenreich*, 123 App. Div. 645; *Matter of Quackenbush*, 122 App. Div. 456). Respondent has failed to explain why he could not have ascertained appellant's residence address by inquiry of Thompson or by search in the court records and files of the action in which the judgment was rendered. In our opinion this omission on the part of respondent would not be consistent with a finding that respondent made a reasonable effort to ascertain said address. Under similar

circumstances where bankrupts did not set forth the judgment creditors' addresses, but instead gave the names and addresses of their attorneys, it has been held that the discharges were not operative as against the judgments (*Marlowe* v. *Patt,* 277 App. Div. 806; *Continental Purchasing Co.* v. *Norelli,* 133 N. J. L. 550, affd. 135 N. J. L. 93). *Matter of Keefauver* v. *Hevenor* (163 App. Div. 531) is not apposite. The holding there was that it was unnecessary to inquire whether the creditor had notice or actual knowledge of the bankruptcy proceeding in view of the undisputed fact that the debt was duly scheduled. The court did, nevertheless, go on to find that the creditor did have such notice, in view of the fact that an attorney who had been engaged to collect the judgment had been told of the proceeding. No claim was made in the instant case that appellant had notice or actual knowledge of respondent's bankruptcy proceeding during its pendency, or that any attorney had such notice or knowledge while serving in her behalf. Nolan, P. J., Wenzel, Schmidt and Murphy, JJ., concur; Beldock, J., concurs in the dismissal of the appeal from the order dated February 18, 1954, but dissents as to the order on reargument and the order granting defendant's motion to vacate the levy, and as to such orders votes to remit the matters to Special Term for hearing on the following questions: (1) Did attorney Thompson represent appellant about February 23, 1940, in her attempts to collect the judgment? The proof is that Thompson represented appellant in 1935, when the judgment for damages for personal injuries sustained by her was entered; that attorney Stern was substituted on April 8, 1936, and that Stern did some work shortly thereafter; however, Stern did nothing to collect the judgment since 1936. There is no proof by appellant that Thompson did not represent her again in 1940. Respondent claims that shortly before he filed his voluntary petition in bankruptcy on February 23, 1940, he received letters from Thompson in an attempt to collect the judgment. If Thompson represented appellant about February 23, 1940, in her attempts to collect the judgment, as respondent claims, the scheduling of appellant as a creditor, " c/o " Thompson, and notice to Thompson, were sufficient to discharge the judgment. (*Matter of Keefauver* v. *Hevenor,* 163 App. Div. 531.) If Thompson did not represent appellant at the time, as she claims, then the scheduling and notice to Thompson were insufficient to discharge the judgment, if Thompson gave no notice to appellant of the bankruptcy. (*Continental Purchasing Co.* v. *Norelli,* 133 N. J. L. 550, affd. 135 N. J. L. 93.) (2) Were the injuries sustained by appellant the result of respondent's negligence without intentional wrong, in which case the judgment would be dischargeable, or did they result from a deliberate disregard of a known duty, in which case the judgment would not be dischargeable? (*Greenfield* v. *Tuccillo,* 129 F. 2d 854.)