Samuel H. Hofstadter, J.
On December 3, 1936, Atwater Live Poultry Co., Inc., recovered in the City Court of the City of New York, County of New York, two judgments against the judgment debtor, one for $2,143.13, the other for $2,360. On the same day, December 3, 1936, a transcript of each of these judgments was docketed in the office of the clerk of the County of New York. On December 3, 1956, the last day of the 20th year after the entry and docket of these judgments, E. H. Levine, as assignee of the judgments, issued to the Sheriff of the City of New York, County of New York, two executions identical in content and form, except for the amount of the judgment. Because of the identity of the two proceedings throughout and of the questions raised, both may be disposed of in one opinion and, for convenience, reference to the steps taken will be in the singular. The execution commanded the Sheriff to satisfy the judgment out of the judgment debtor’s personal property within the county, or, if sufficient personal property could not be found, then out of the real property in the county “ belonging to such judgment debtor at the time when the notice of Levy is indexed. and recorded in the office of the Clerk of the County of New York * # * to wit,” followed by a metes and bounds description of two parcels of real property in the borough of Manhattan. With the execution there was delivered to the Sheriff at the same time a notice of levy which the Sheriff at once signed and filed in the office of the clerk of the County of New York, where it was recorded and indexed as a notice of pendency of action pursuant to section 512 of the Civil Practice Act .
No order granting leave to issue the execution of December 3, 1956 had been obtained. It is not denied that no execution had been issued within five years after the entry of the judgment; indeed, the fact is that the execution of December 3, 1956 is the *157 first execution ever issued on the judgment. The judgment debtor now moves to vacate the foregoing execution and notice of levy on his real property; the Sheriff joins with the judgment creditor in opposition.
Article 42 of the Civil Practice Act deals with executions. Section 650 in that article permits execution to be issued of course at any time within five years after the entry of judgment. The issuance of execution after the lapse of five years is governed by section 651 of the Civil Practice Act. That prescribes one of two requisites to entitle the judgment creditor to issue execution: either (1) execution must have been issued within five years and returned wholly or partly unsatisfied or unexecuted, or (2) an order must be made by the court granting leave to issue the execution. When an execution is issued more than five years after the entry of the judgment, section 640-a requires that it ‘1 must specify the date or dates when the original execution or executions was or were issued” and whether executed, and, if so, whether returned wholly or partly unsatisfied, or it “ must specify the date of the order granting leave to issue the same and the name of the judge or justice granting the same.” The execution here did not so specify, as obviously it could not, for no prior execution had ever been issued and no order granting leave to issue the execution of December 3, 1956 had been obtained. It is self-evident that, if the foregoing provisions of the Civil Practice Act apply, the execution of December 3, 1956 must be vacated for failure to comply with them.
The omission here is not trivial. Since no previous execution had been issued, it was incumbent on the judgment creditor, under section 651, to obtain an order granting leave to issue execution.
Section 652 provides that such an order will be granted only after notice of application therefor “ served personally upon the adverse party, if he is a resident of the state ”. The present judgment debtor has resided at the same address in the city of New York for 30 years. He would, therefore, have been entitled to notice of an application for leave to issue execution served upon him personally — a substantial right.
It is urged, however, in support of the validity of what was done here that, since the execution was accompanied by the notice of levy on real property under section 512 of the Civil Practice Act, the judgment creditor was not obliged to follow the normal execution procedure. Section 512 is part of article 35, entitled “ Judgment Generally ”, and appears under the subheading “ Lien of Judgment ”. Section 510 declares, in *158 substance, that a money judgment properly docketed is a charge on the judgment debtor’s real property in the county for 10 years after filing the judgment roll. Section 512 lays down the procedure for acquiring a lien on specific real property after the expiration of 10 years. It permits a levy ‘ ‘ by virtue of an execution against property ’ ’ by filing a notice ‘ ‘ describing the judgment, the execution, and the property levied upon”. When the notice has been recorded and indexed, the judgment ‘1 binds and becomes a charge upon the right and title thus ¡levied upon * * * until the execution is set aside or returned.” It is clear that the notice under section 512 by which a charge on designated real property is obtained is. in law a levy, and that the levy derives its vitality from the execution. Though the notice is recorded and indexed and creates a lien on real property, it is nonetheless a levy under an execution. In terms, section 512 provides that real property ‘6 may be levied upon by virtue of an execution against property” and that the notice filed shall describe “ the execution ” as well as the judgment and the property levied upon. The execution is the process, the source from which the levy takes its efficacy; the notice is merely the method by which the levy is made.
An execution is then indispensable to a levy pursuant to section 512 of the Civil Practice Act. Once this premise is recognized, it becomes perfectly clear that, in the absence of contrary direction, the execution must satisfy the provisions of the act with regard to executions. There certainly is nothing in the language of section 512 which excludes the execution mentioned in it from the operation of those provisions. No sound reason suggests itself for reading such an exclusion into it.
It is argued for the judgment creditor that the execution which is the source of the levy under section 512 should be free of the restrictions imposed on other executions issued more than five years after the date of a judgment because section 512 is part of article 35, while the execution sections are found in article 42 of the Civil Practice Act. This contention is, in my opinion, without merit. The provisions of the act are to be read in conjunction with one another as part of an integrated whole, rather than as separate, unrelated units. There being no indication of a different purpose, it is reasonable to assume that the reference to execution in section 512 is to an execution issued in accordance with the requirements and subject to the limitations of the Civil Practice Act. Its place in the act should not vest the term with a meaning hostile to that it would receive if found elsewhere. The validity of this comment is confirmed by *159 article 35 itself, in which, under the subtitle “ Enforcement of Judgment ” section 504 declares that in the cases therein enumerated a final judgment “ may be enforced by execution It will surely not be asserted that “ execution ” here means anything other than the execution dealt with in article 42. Why should execution mean one thing in section 504 and another in section 512? Bearing in mind that normally personal property must be resorted to for the satisfaction of an execution before resort may be had to real property (Civ. Prac. Act, § 643), it seems incongruous to say that, after the lapse of more than five years since the entry of judgment, a judgment creditor may not levy upon personal property by execution without meeting the requirements of sections 651 and 640-a, but that he is free to reach real property at any time during the succeeding 10 years if he wishes, in complete disregard of them.
Although under section 510 the judgment is a charge on real property for 10 years, from the 6th to the 10th year, it may be enforced against real property only under the limitations prescribed for the issuance of execution after the lapse of five years. Yet, under the view advocated by the judgment creditor, after the 10th year and for 10 years thereafter these limitations would no longer restrict him. Thus, an unsatisfied judgment becomes more effective between the 10th and 20th year of its life than it has been from the 6th to the 10th year. A construction which leads to such an anomaly must be rejected.
In support of their position the judgment creditor and the Sheriff rely on Mineola Plumbing Supply Co. v. Taylor (280 App. Div. 873); Wyser v. Estrin (285 App. Div. 827) and Rondout Nat. Bank v. Shappee (192 Misc. 727) in which a contrary conclusion was reached. These decisions are, however, not binding authority in this department and, though I have great respect for the courts which rendered them, for the reasons already given, I am unable to follow them.
The motion to vacate the execution of December 3, 1956 and the levy thereunder is accordingly granted, without prejudice, however to the action on the judgment instituted by the judgment creditor. Settle order.