HYMAN SHIRE et al., Appellants, *v.* THOMAS BORNSTEIN, Respondent.

In the Matter of SUSAN SHIRE, as Administratrix of the Estate of HYMAN SHIRE, Deceased, et al., Appellants, against THOMAS BORNSTEIN, Respondent.

First Department, June 4, 1957.

*Wilbur G. Silverman* for appellants.

*Copal Mintz* for respondent.

McNALLY, J. This is an appeal from three orders; one vacating and setting aside an execution issued pursuant to section 512 of the Civil Practice Act, the remaining orders, respectively, vacating an order to examine the judgment debtor and denying a motion by the judgment creditors to direct a third party to turn over assets of the judgment debtor.

The underlying judgment was recovered on or about September 30, 1931. On May 26, 1945, respondent filed a voluntary petition in bankruptcy and was thereon granted a discharge on September 27, 1945, In the bankruptcy proceedings the judgment was scheduled as follows: "Hyman Shire, Gussie Greenblatt, Bertha Greenblatt and Morris Goldzimer; residence of said creditors are unknown to petitioner except that the last known place of residence of said Hyman Shire is 806 East 171st Street, Borough of Bronx, and his last known place of business is at 30 West 36th Street, New York City, Manhattan. The attorney who perfected said Judgment is H. Louis Jacobsen, P. O. address as stated in the papers in the action was 521-5th

Avenue, New York City. Supreme Court — N. Y. Co., September 30, 1931 — N. Y. Co. $11,923.85.''

The appellants do not allege, and the record fails to disclose, that they did not have notice of the bankruptcy proceedings. So far as appears, it was possible for the appellants to submit the affidavit of the attorney for the judgment creditors, Jacobsen, and the affidavits of the surviving judgment creditors on that issue. Having failed to submit such affidavits or proof, the appellants suggest, in their brief, that the respondent failed to search records of the Surrogate's Court for Bronx County and the records of the Register's office in said county, and also failed to communicate with the attorney for the judgment creditors. Nowhere does it appear that relevant information would have been revealed thereby.

We do not concur in the holding of Special Term that the execution issued pursuant to section 512 of the Civil Practice Act, to the extent that it is directed against the real property of the respondent, is invalid for noncompliance with sections 651 and 652 of the Civil Practice Act. (See *Levine* v. *Bornstein*. 4 A D 2d 55.)

The question to be resolved is whether the respondent's discharge in bankruptcy is a bar to the proceedings initiated by the appellants. Resolution of that question, in the final analysis, on this record, depends on the presumptions consequent on the proof of the discharge in bankruptcy. The appellants argue that the respondent has the burden of establishing the due scheduling of a debt affected by an otherwise valid discharge and contend the respondent has not sustained that burden. Appellants rely on *Wyser* v. *Estrin* (285 App. Div. 827 [2d Dept., 1955]) and the cases therein cited: *Miller* v. *Guasti* (226 U. S. 170, affg. *sub nom. Guasti* v. *Miller*, 203 N. Y. 259); *Horbach* v. *Arkell* (172 App. Div. 566); *Hyde Park Flint Bottle Co.* v. *Miller* (179 App. Div. 73); *Murphy* v. *Blumenreich* (123 App Div. 645); *Matter of Quackenbush* (122 App. Div. 456); *Marlowe* v. *Patt* (277 App. Div. 806).

In *Wyser* v. *Estrin* (*supra*) the judgment was entered on May 27, 1935; the attorney for the judgment creditor was one Thompson, who had been substituted by Herbert Stern on April 8, 1936. The judgment creditor alleged in her affidavit that prior to the proceedings under review she had no knowledge or notice of the bankruptcy proceeding which was instituted on May 15, 1940. Her attorney, Stern, also submitted an affidavit verifying that he had represented the judgment creditor in connection with said judgment since April 8, 1936, and had no prior knowledge of the bankruptcy proceeding.

The judgment debtor, on the other hand, verified that he did not know the judgment creditor's address and that he scheduled her address in care of attorney Thompson because he had sent letters demanding payment of the judgment immediately prior to the filing of the petition. No such letters were submitted to the court.

In *Guasti* v. *Miller* (*supra*) the judgment was obtained April 16, 1895; the defendant filed a petition in bankruptcy in 1902 which resulted in a discharge on May 9, 1903. The defendant scheduled the judgment in the name of the creditors and alleged their residence to be unknown. On the application to cancel the judgment, the affidavits showed that the creditors were wine merchants who had been engaged in business at Los Angeles, California, for upwards of 25 years; that the judgment was based on the acceptance of a draft drawn on and accepted by the defendant containing the address of the creditors at Los Angeles, California, and was given in payment of a carload of wine purchased by the defendant from the creditors in Los Angeles, California. Special Term found that the defendant had actual notice of the creditors' residence. In addition, the creditors established that they knew nothing of the proceedings in bankruptcy until long after the discharge had been granted.

In *Horbach* v. *Arkell* (*supra*) plaintiff's claim was scheduled in his name and his residence was stated to be the Lotus Club, New York. The plaintiff testified that he did not at any time receive notice of the proceedings and did not until a long time after the adjudication have knowledge thereof. He also proved that the Lotus Club never had been his residence, which, in fact, at the time of the bankruptcy, was in Omaha, Nebraska.

In *Murphy* v. *Blumenreich* (*supra*) plaintiff's residence was scheduled as Hoboken, New Jersey, where he had never resided. It appeared that plaintiff's name and address had been listed in the City Directory of the City of Brooklyn for several years and that the same was true of the attorney of record for the plaintiff. The court also found that plaintiff had never received any notice of the defendant's discharge in bankruptcy until served with notice of the application to cancel the judgment.

In *Matter of Quackenbush* (*supra*) the appellant was a judgment creditor of the respondent who had filed a petition in bankruptcy. The appellant successfully opposed the respondent's discharge in bankruptcy. Thereafter, respondent filed a second petition in bankruptcy in which the appellant's residence was set forth as 9 Ferry Street, New York City, when,

in fact, it was and had been for 10 years prior thereto at St. George, Staten Island. The appellant had no knowledge of the second bankruptcy proceeding.

In *Marlowe* v. *Patt* (*supra*) the respondent instituted bankruptcy proceedings which did not set forth the residences of the creditors and did not allege that the residences were unknown as required by the Bankruptcy Act.

In the *Wyser* case and the cases therein cited, other than *Hyde Park Flint Bottle Co.* v. *Miller* (*supra*), the records therein affirmatively established the absence of timely knowledge of the bankruptcy proceedings on the part of the creditors; in addition, it also appeared affirmatively that the scheduled residence was incorrect or stated to be unknown when, in fact, the correct residence was or should have been known to the bankrupt, or that he had failed to allege the fact that the creditor's address was unknown. In the instant case the respondent properly scheduled the names of the judgment creditors and stated that their residences were unknown. The appellants have not affirmatively established that their residences were or should have been known to the respondent.

In *Hyde Park Flint Bottle Co.* v. *Miller* (*supra*), decided by this court, also cited in *Wyser,* the judgment debtor had filed a petition in bankruptcy which scheduled the plaintiff and stated that his address was unknown to the judgment debtor. The court adverted to the fact that the bankrupt had failed to make any affidavit in the bankruptcy proceedings as to the efforts made by him to ascertain the plaintiff's address and, at page 75, stated the applicable principle to be: " The burden of proof rests upon the defendants to show that the judgment was discharged."

Subsequently, this court in *Manheim* v. *Loewe* (185 App. Div. 601, 607) overruled the said holding in the following language: " But this statement as to the burden of proof is inconsistent with the law as laid down in *Kreitlein* v. *Ferger* (*supra* [238 U. S. 21]) which was not then called to the attention of this court, and the other New York case which is controlling and which holds to the contrary and places the burden of proof upon the creditors (the plaintiffs) to show that their claim was not properly scheduled and they did not have notice of the bankruptcy proceedings."

The aforesaid authorities demonstrate that a creditor, scheduled as were the appellants herein, met with the bar of a discharge in bankruptcy, is required to establish his lack of timely knowledge of the bankruptcy proceedings and to adduce evidence to support a finding that the bankrupt knew or

should have known his residence (or, since Oct. 7, 1952, his place of business; U. S. Code, tit. § 25, as amd. by 66 U. S. Stat. 422 [July 7, 1952]). On this record we hold that the appellants have the burden of showing that the discharge in bankruptcy herein is not operative in respect of the underlying judgment and that the appellants have failed to sustain that burden.

The respondent contends that the appellants have failed to overcome the conclusive presumption of payment of the judgment in the light of section 44 of the Civil Practice Act. *Hyde Park Flint Bottle Co.* v. *Miller* (*supra*), overruled on another point in *Manheim* v. *Loewe* (*supra*), holds that the scheduling of a judgment in bankruptcy is an acknowledgment that it is a subsisting obligation within the exception of section 44. Respondent argues that the scheduling is not such an acknowledgment because he was entitled to list all claims regardless of their merit or validity. The respondent's contention is without merit. Although he was entitled to schedule " disputed " claims (U. S. Code, tit. 11, § 25, subd. [a], par. [8]), he did not schedule the appellants' judgment within that category. We are not now required to decide whether the scheduling of a disputed claim as such is an acknowledgment of a subsisting obligation within the meaning of section 44.

For the foregoing reasons, the orders appealed from should be affirmed.

BRIETEL, J. P., RABIN, FRANK and VALENTE, JJ., concur.

Order entered March 26, 1957, vacating an execution, notice of levy and third-party order in supplementary proceedings, order entered March 26, 1957, vacating order to examine the judgment debtor in supplementary proceedings, and order entered March 26, 1957, denying judgment creditor's motion to turn over the assets of the judgment debtor in supplementary proceedings, unanimously affirmed, with $20 costs and disbursements to the respondent.