Julius R. Lippman, J.
This is a motion by Joseph Finkel, also known as Joseph S. Finkel, for an order pursuant to section 150 of the Debtor and Creditor Law directing the County Clerk of the County of Nassau to mark “discharged” in a docket in the said County Clerk’s office of a judgment recovered against the said Finkel on December 5, 1961.
On September 10, 1962, Finkel filed a petition in bankruptcy together with a schedule of creditors. This schedule listed the name of the plaintiff creditor, Bremson Photo Industries, Inc. as a judgment creditor in care of Goldman, Horowitz & Cherno, Esqs., 390. E. Old Country Boad, Mineóla, New York, the law firm which had obtained the judgment on behalf of the said plaintiff. In the papers submitted in opposition to the instant motion, the said law firm alleges that it closed its file on May 4, 1962, and that there was no record in their file of the service of notice of the said bankruptcy proceeding. The judgment creditor further contends that the use of the attorneys ’ address and schedule was improper and did not serve to give notice of the bankruptcy proceedings to the plaintiff even if such notice had been served upon its attorneys.
A hearing to determine whether the plaintiff had knowledge or notice of the bankruptcy proceedings was ordered by this court and held on June 3, 1967. Thereafter an affidavit was submitted by an officer of the judgment creditor stating that he had no knowledge or notice either individually or on behalf of the corporate judgment creditor, of the Finkel bankruptcy proceedings prior to the making of the instant motion.
Section 150 of the Debtor and Creditor Law:
“1. At any time after one year has elapsed since a bankrupt or debtor was discharged * * * the bankrupt * * * may apply, upon proof of the bankrupt’s or debtor’s discharge * * * for an order, directing that a discharge * * * of record be marked upon the docket of judgment.
“2. If it appears upon the hearing that the bankrupt or debtor has been discharged * * * an order must be made ”.
*605 A creditor met Avith bar of discharge in bankruptcy of a debtor is required to establish his lack of timely knowledge of the bankruptcy proceedings and adduce evidence to support a finding that bankrupt debtor lcneAV or should have knoAvn of his residence. (Shire v. Bornstein, 4 A D 2d 74, affd. 4 N Y 2d 299.) A case in point, Wyser v. Estrin (285 App. Div. 827) Avas decided by the Appellate Division, Second Department. The bankrupt’s schedule listed the creditor by name and set forth the fact of the entry of judgment, its date and court but rather than listing the creditor’s address stated it was “ unknown to bankrupt” and listed the creditor in care of her attorney. The court held this was not proper notice to the creditor and stated (p. 828): “A discharge in bankruptcy releases the bankrupt from all provable debts except, among others, those which ‘ have not been duly scheduled in time for proof and allowance, with the name of the creditor, if knoAvn to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy ’ (U. S. Code, tit. 11, § 35, sub. [a], par [3]) and the discharge is ineffective as against a specific debt if the debt was not scheduled in accordance with the provisions of the act (U, S. Code, tit. 11, § 25, subd. [a], par. [8]) which required, as of the time here in question, the setting forth of creditors’ residence addresses (Miller v. Guasti, 226 U. S. 170, affg. sub nom. Guasti v. Miller, 203 N. Y. 259). Strict compliance with these provisions of the statute is required. (Horbach v. Arkell, 172 App. Div. 566). Where a creditor’s address was in fact unknown to the bankrupt, it has been held that the latter must at least have made a reasonable effort to ascertain it for the purpose of scheduling the debt. (Horbach v. Arkell, supra; * * *) ”. The court further found that respondent failed to explain why he could not have ascertained appellant’s address from her attorney or search court records in which the judgment was obtained.
In Vital v. Jandorf (126 Misc. 124) the court held that notice to the attorney who represented the creditor in the action in which the judgment was obtained that the debtor had filed a petition in bankruptcy, is not tantamount to notice to creditor.
It is a general rule that any presumption that might arise concerning the agency of an attorney would not extend beyond the final judgment or apply to proceedings subsequent thereto. (Karpf v. Karpf, 260 App. Div. 701.)
Stokes Coal Co. v. Elgart (43 N. Y. S. 2d 205, 206) the court held: “ It seems clear that the judgment was not duly scheduled. The address of the judgment creditor, not that of its attorney, should have been listed * * * The issue of fact as to *606 whether the judgment creditor * * * had actual knowledge or notice of the bankruptcy proceeding in time to participate therein ’
Upon all of the submitted papers and upon the testimony adduced at the afore-mentioned hearing, it has been established that the required notice of Finkel’s bankruptcy had not been served upon the judgment creditor, Bremson Photo Industries, Inc., nor had it been brought to the attention of the said judgment creditor. The motion is therefore denied.