Wachtler, J.
(dissenting). In order for the defendant to successfully assert the defense of discharge in bankruptcy, it must be shown that the debt in question was properly scheduled in time for proof and allowance or that the plaintiff creditor did receive notice or have actual knowledge of the pending bankruptcy proceeding (Bankruptcy Act, § 17, subd [a], par [3]; US Code, tit 11, § 35, subd [a], par [3]).
Regarding the scheduling of a debt sought to be discharged, the statute requires that the bankrupt shall prepare a schedule of creditors, stating the creditor’s name, address, the amount due to or claimed by the creditor, the consideration, the security, if any, held by the creditor and whether the claim is contingent, unliquidated or disputed (Bankruptcy Act, § 7, subd [a], par [8]; US Code, tit 11, § 25, subd [a], par [8]). In view of these requirements, we cannot accede to the view that the instant debt was duly scheduled.
It is noted that although the defendant was a principal of each of the corporations whose debts he had personally guaranteed, the schedule misstated the amount of the debt as $100 when at the time of the bankruptcy approximately $10,000 was due, and that the consideration for the debt was listed as merchandise with no reference to the outstanding rentals due. Further, the debts are not characterized as contingent—i.e., there is no reference whatsoever to the fact that they arose out of a guarantee of the debts of third parties. Nor did the schedule state Chevron’s full address.
While any one of these defects might not be sufficient to reach a holding that the debt was not properly scheduled (cf. Miller v Guasti, 226 US 170) taken together we believe that these defects cannot be considered mere irregularities. Chevron is a large concern with many debtors ranging from consumers using credit cards in their gasoline and automotive repair transactions, to gas station lessees with considerably larger indebtedness, to other substantial debtors. Further, the debtor stood to materially gain from keeping Chevron in the dark and thereby continuing to enjoy the. extension of credit to the third parties whose debt he had guaranteed and in which he had an ownership interest. For no articulated legitimate reason it would appear that the debtor grossly misstated *720 the amount due as well as the nature of the account and the contingency of the debt.
Cumulatively, the myriad facts and circumstances arouse curiosity with respect to the existence of an intent to circumvent the statutory safeguards provided a bankrupt’s creditors. Although custom might countenance these shadowy actions by allowing this defendant to be declared a bankrupt in the absence of strict compliance with the statute, we are of the opinion that it would be most inequitable to allow him to escape liability through contrivance and deception. To do so on a motion for summary judgment, thereby denying the plaintiff the opportunity to expose this illicit conduct, adds to the injustice.
Accordingly, the defendant’s motion for summary judgment should have been denied.
Judges Jasen, Jones, Fuchsberg and Cooke concur with Chief Judge Breitel; Judge Wachtler dissents and votes to reverse in a separate opinion in which Judge Gabrielli concurs.
Order affirmed.