SAMUEL, Judge.
Plaintiff filed this suit against Mary L. Rousell and her husband, Arthur Rousell, on two promissory notes dated, respectively, October 19, 1971 and June 21, 1972. Each note was secured by chattel mortgage on home furnishings or appliances.
Defendants answered and asserted the discharge of plaintiff’s debt in bankruptcy resulting from the adjudication of defendant Arthur Rousell as a bankrupt upon the filing of his bankruptcy petition on July 22, 1974.
After a trial on the merits, judgment was rendered in favor of defendant, Arthur Rousell, dismissing plaintiff’s suit. Plaintiff has appealed.[1]
The record shows plaintiff was listed as a creditor on Schedule A-2 attached to defendant’s bankruptcy petition. However, his address was listed as “unknown”. It was stipulated “Lee’s Furniture & Appli-anees” was listed only in the Kenner section of the Greater New Orleans Telephone Directory for 1974 and the correct address of this business was given in that section of the directory as 133 Levee View Drive, plaintiff’s home. It is also uncontested plaintiff had no actual notice of the bankruptcy proceeding.
Plaintiff’s business was conducted primarily on a door-to-door basis. He had no store or showroom, but instead sold furniture and appliances by use of a catalogue. He contacted customers, displayed the cata-logue to them, and on most occasions they made purchases directly from the catalogue. On a few occasions, he transported customers to showrooms of other business establishments so they could view the desired merchandise prior to purchase. Defendant’s wife made one such trip to a showroom or warehouse in Orleans Parish. Plaintiff collected his accounts by mail, self addressed to a post office box or directly from the customer at the customer’s home. At no time did defendants have occasion to go to plaintiff’s home address, which was the address listed in the Kenner portion of the telephone directory.
Defendant’s wife testified she conducted all family business with plaintiff. She indicated most payments were made by her at her front door on a weekly basis and she never knew plaintiff’s address as 133 Levee View Drive in Kenner.
Defendant and his wife lived together in Marrero, Louisiana, an unincorporated area in the same parish with Kenner, but on the opposite side of the Mississippi River. In March, 1974, Mr. and Mrs. Rousell had domestic difficulties, and she left the matrimonial domicile. At that time she discontinued paying plaintiff’s promissory notes, and she testified she destroyed or took with her all of the household bills and documents.
Defendant testified he made numerous efforts to locate plaintiff’s address, but was *300 unable to do so. His problem was made more acute by his wife’s leaving the matrimonial domicile with all domestic papers and documents.
Defendant’s attorney testified he made numerous attempts to locate plaintiff’s address and he admitted checking the Greater New Orleans Telephone Directory. He assumed, however, that plaintiff’s address would be Orleans Parish since he did not know the showroom to which plaintiff took Mrs. Rousell belonged to another business establishment. At that time, although contained within the same volume, listings for the City of Kenner were in a separate section of the Greater New Orleans Telephone Directory.
Plaintiff’s attorney further testified he contacted other furniture companies and finance companies in an attempt to locate the address, but none had ever heard of Lee’s Furniture Company. Moreover, Mrs. Rou-sell advised defendant’s attorney she had destroyed all household bills and documents and had no idea of plaintiff’s address.
Section 17(a)(3) of the Bankruptcy Act[2] provides that a bankrupt’s debt is not dis-chargeable if it has not been “duly scheduled.” Section 7(a)(8) of the Act[3] provides a bankrupt must list the name and home or business address of a creditor, and if the address is unknown, that fact must be stated. Thus, the issue before us is not a failure to schedule the creditor or a failure to give a creditor’s proper address.[4] The issue is whether the appellee made a sufficiently due and diligent search to find plaintiff’s address as to afford him legal justification for listing that address as “unknown.” [5]
The reasons given in the testimony for defendant’s lack of actual knowledge of plaintiffs address are sound, and they were accepted as true by the trial court.[6] The degree of diligence exercised by defendant must be viewed in light of the nature and scope of plaintiff’s business in order to determine if he made reasonable efforts to locate the address. Plaintiff operated his furniture and appliance sale business from his own home. He had no showrooms, sold almost exclusively from a cata-logue, and conducted his business on a home solicitation basis. A large proportion of plaintiff’s collections are made by the plaintiff personally at his customers’ doors. Only occasionally were some of his payments mailed in self-addressed envelopes to a post office box. Plaintiff’s business was so small in scope that it was unknown in the general business community. The modest nature of plaintiff’s business is demonstrated by his failure to obtain a listing of his business in the metropolitan portion of the Greater New Orleans Telephone Directory, but instead he chose to list his business only in the section of that directory containing City of Kenner listings.
Defendant, a fourth grade dropout, never did business with plaintiff, and upon his wife’s leaving the matrimonial domicile with family business records, he was left without recourse to acquire information regarding his creditors except that which might be contained in the advertisements and business lists, such as the Greater New Orleans Telephone Directory. Even after defendant’s attorney contacted his wife, he learned she had destroyed the business records and did not herself know plaintiff’s address. Defendant or his attorney looked in the metropolitan listings of the telephone directory for plaintiff's address and inquired of other furniture stores and finance companies to ascertain plaintiff’s whereabouts. Had plaintiff been listed in the telephone directory in the normal manner, or had plaintiff’s business been known in *301 the general business community, defendant or his attorney could have located his address by using the method they chose to employ. Defendant and his attorney did not locate plaintiff’s address because of the modest nature of plaintiff’s business and because of the apparent almost studied efforts of plaintiff to maintain his business anonymity.
Under all the circumstances of this case, we cannot say the trial court committed error in deciding that the appellee had made a due and diligent search to locate plaintiff’s address and had acted reasonably in listing that address as “unknown”.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Defendant Mary Rousell did not file a petition in bankruptcy, and a consent judgment in plaintiffs favor and against her was signed on September 12, 1975. That consent judgment is not before us on this appeal.

. 11 U.S.C.A. § 35(a)(3).

. 11 U.S.C.A. § 25(a)(8).

. Compare Tamborella v. Robinson, La.App., 245 So.2d 476, where the court held scheduling only a creditor’s name and city was sufficient to allow a bankrupt’s discharge.

. See Wyser v. Estrin, 285 App.Div. 827, 136 N.Y.S.2d 744.

. See Miller v. Guasti, 226 U.S. 170, 33 S.Ct, 49, 57 L.Ed. 173.