KEEFAUVER v. HEVENOR. (No. 6093.)

(Supreme Court, Appellate Division, First Department. July 10, 1914.)

1. BANKRUPTCY (§ 426*)—DISCHARGE—DEBTS CREATED IN FIDUCIARY CA-
PACITY.

Only public officers and trustees, and not agents, factors, commission-men, etc., are fiduciary debtors within Bankruptcy Act July 1, 1898, c. 541, § 17, subd. 4, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), providing that a discharge in bankruptcy shall release the bankrupt from all his provable debts, except such as are created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in a "fiduci-ary capacity."

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 791–807; Dec. Dig. § 426.*

For other definitions, see Words and Phrases, vol. 3, pp. 2756–2760; vol. 8, p. 7663.] .

2. BANKRUPTCY (§ 421*)—PROCEEDINGS—"NOTICE OF PROCEEDINGS."

Where a judgment creditor employed another attorney to collect the judgment, and the attorneys of record had no connection with the judg-. ment or its collection at the time bankruptcy proceedings were instituted by the debtor, notice to them was not required; but the judgment hav-ing been duly scheduled, and notice having been duly given to the attor-ney employed to collect the judgment, there was sufficient notice of the proceedings within Bankruptcy Act July 1, 1898, c. 541, § 17, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), providing that a discharge in bank-ruptcy shall release the bankrupt from all his old debts, except (3) such as have not been duly scheduled, unless the creditor had notice or actual knowledge of the proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 772–774, 776, 777, 779–781, 783–786, 788–790; Dec. Dig. § 421.*] ·

Appeal from Special Term, New York County.

In the matter of supplementary proceedings by Samuel N. Keef-auver, judgment creditor,.against Harvey H. Hevenor. From an order denying a motion for a stay of the proceedings, defendant appeals. Reversed.

. Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Gerard Roberts, of New York City, for appellant.

McLAUGHLIN, J. Appeal from an order denying the judgment debtor's motion for a stay of proceedings supplementary to execution. The stay was asked for on the ground that the judgment to recover which the proceedings were instituted had been discharged in bank-ruptcy. ·

---

The moving papers show that the claim of the judgment creditor was duly set forth in the bankruptcy petition. The affidavits used in opposition to the motion do not deny this fact. They state that the debt was for moneys wrongfully appropriated and no notice or knowledge of the bankruptcy proceeding came to the judgment creditor or his attorneys of record.

Section 17 of the Bankruptcy Act provides that:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (3) have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy; or (4) were created by his fraud, embezzlement, misappropriation, or defalcation while acting as an officer or in any fiduciary capacity."

[1] Only public officers and trustees, and not agents, factors, commissionmen, and the like are fiduciary debtors within the meaning of subsection 4. Collier on Bankruptcy (9th Ed.) p. 402; Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147; Tindle v. Birkett, 183 N. Y. 267, 76 N. E. 25, affirmed 205 U. S. 183, 27 Sup. Ct. 493, 51 L. Ed. 762.

The papers used upon the motion show that the judgment was not recovered on a fiduciary debt as contemplated by this section.

[2] It is not disputed that the claim was duly scheduled, and therefore it seems unnecessary to inquire whether the judgment creditor had the notice contemplated by subdivision 3. But however that may be, it does appear from the record that he did have notice. He had employed another attorney to collect the judgment, and the attorneys of record had, so far as appears, no connection with the judgment or its collection, at the time the bankruptcy proceedings were pending. Notice to the attorneys of record, under such circumstances, would have served no useful purpose. Matter of Quackenbush, 122 App. Div. 456, 106 N. Y. Supp. 773. But, while the bankruptcy proceeding was pending and in ample time to avail himself of its benefits, the judgment creditor had notice, through the attorney employed to collect the judgment. This attorney was told of the proceeding and that he could come in and prove the judgment, if he so desired. But, instead of doing so, he instituted, before the discharge in bankruptcy, proceedings supplementary to execution—evidently believing that the indebtedness which resulted in the judgment was that of a fiduciary, and for that reason the judgment would not be affected by a discharge. The judgment as indicated was not recovered upon a debt of a fiduciary character.

The order appealed from therefore is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.