HELEN V. HELMRICH, Respondent, v. AUGUST J. HELMRICH, Appellant.— In an action by plaintiff wife to recover three installment payments due under a separation agreement, plaintiff moved for summary judgment. Defendant made a cross motion for similar relief, contending that the separation agreement is void under section 51 of the Domestic Relations Law. The Special Term granted plaintiff's motion and denied defendant's cross motion, and defendant appeals. Order and judgment of the County Court, Westchester County, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Hagarty, Acting P. J., Johnston, Adel, Aldrich and Nolan, JJ.

JULES HONIG, Plaintiff, v. MICHAEL MINOTTI, Defendant. In the Matter of the Application of MICHAEL MINOTTI, for an Order Canceling of Record a Judgment in Favor of Jules Honig against Him and the Assignment of Said Judgment to Morris Sokiran. MICHAEL MINOTTI, Appellant; MORRIS SOKIRAN, Assignee-Respondent.— Order of the Appellate Term affirming an order of the Municipal Court of the City of New York, Borough of Brooklyn, which denied an application by appellant, under section 150 of the Debtor and Creditor Law, for the discharge of a judgment held by respondent as assignee, reversed on the law and the facts, with costs in this court and in the Appellate Term, the order of the Municipal Court reversed and the motion to discharge said judgment granted, without costs. While we may assume, as the Municipal Court and the Appellate Term apparently held, that the respondent was not properly listed as a creditor in the bankruptcy schedules, it clearly appears that the attorney Saltz, who had been employed by respondent to collect the judgment and who had instituted a third party proceeding for that purpose, was personally served with a stay issued out of the bankruptcy court two days after the petition in bankruptcy was filed, and this service was followed by an application to vacate the third party order, etc., based upon the bankruptcy, of which the attorney Saltz received due notice, and in which he appeared for the respondent. Such notice to the attorney authorized to collect the judgment and actually engaged in the collection thereof, was notice to the respondent. (*Matter of Keefauver* v. *Hevenor,* 163 App. Div. 531; *Katz* v. *Kowalsky,* 296 Mich. 164, Note, 134 A. L. R. 185; 1 Collier on Bankruptcy [14th ed.], pp. 1636–1637.) Hagarty, Acting P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur.