James A. Roe, Jr., J.
Motion by respondent Gloria M. Samuels to confirm the report of Honorable Samuel S. Tripp, dated June 24,1965 and thereupon to deny the petitioner’s application pursuant to section 150 of the Debtor and Creditor Law to discharge of record the judgment entered in the office of the Clerk of the *100 County of Queens on February 17, 1959 in favor of respondent against petitioner for the sum of $3,093.97.
The Special Referee took testimony pursuant to an order of this court dated December 30, 1964 and reported his findings and recommendations with regard to “ whether (1) the attorney of record in the aforesaid Judgments was retained by gloeia m. samuels to collect her Judgment and if so, whether he received notice of the bankruptcy proceedings and when such notice was received, or (2) gloeia m. samuels had actual knowledge of the proceedings in bankruptcy and, if so, when such knowledge was acquired ’ It is the contention of the attorney for the petitioner that the Special Referee erred in taking into account in his report the evidence of the respondent who was called as a witness by the petitioner which evidence he characterizes as “ incredible ” and that “ A much more logical evaluation of the evidence and the circumstances surrounding this matter would be that miss samuels had full knowledge of the Bankruptcy through her father, or that her father by acting as her agent, had full knowledge and therefore, this knowledge could be imputed to miss samuels.”
Because of the comprehensive nature of the report both as to the facts and the law the pertinent parts thereof are herein set forth.
1 ‘ While the burden is upon the creditor to establish that the judgment is not one upon which the discharge in bankruptcy can operate, it is the burden of the debtor to establish that the judgment was duly scheduled in the bankruptcy proceeding or that the creditor had actual notice or knowledge thereof in the bankruptcy court. (Jud v. Carey Drive Yourself, 13 Misc 2d 580, 581-582; Graber v. Gault, 103 App. Div. 511.) When a creditor has actual notice and knowledge of the bankruptcy proceeding in ample time to prove his claim, the omission to list him in the schedules in the bankruptcy court does not prevent the discharge from being operative against him and the judgment which he recovered; having such actual notice and knowledge ‘ the debt is discharged even though it was not scheduled.’ (Matter of Fischer [Ballin], 153 Misc. 29, 32.)
‘ ‘ In the instant case, the judgment creditor did not challenge the dischargeability of her judgment and, inasmuch as it resulted from an action predicated upon the judgment debtor’s liability as indorser of a promissory note, that judgment is prima facie dischargeable. (Weiner Fur Corp. v. Levy, 40 N. Y. S. 2d 344.) Concededly, that judgment was not scheduled in the bankruptcy court. Accordingly, the burden of proving that the judgment creditor had actual notice or knowledge of the bankruptcy pro *101 ceeding rested upon the petitioning judgment debtor. To meet that burden he called as his witnesses the judgment creditor Gloria M. Evans, nee Samuels, and her present attorney Jesse B. Hecht.
“ The judgment here involved, entered on February 16, 1959, states ‘ Plaintiffs reside at 184-23 Wexford Terrace, Jamaica 32, New York.’ Mrs. Evans testified that her father Adolph Samuels moved from the Jamaica address to Great Neck, New York, in June, 1961 and that she resided from June 6, 1961 until December 6, 1962 at 400 East 57th Street, Borough of Manhattan, and was listed during that period in the telephone directory of that borough under the name ‘ G. M. Samuels ’ without any designation of either ‘ Miss ’ or 6 Mrs.’ She was married on December 20, 1962 to Richard A. Evans, with whom she resides at 200 East 57th Street, Borough of Manhattan.
‘1 She received, in 1959, the promissory note, upon which the second cause of action stated in her complaint verified January 13, 1959 is predicated, from her brother Walter R. Samuels. Her father received a similar note, upon which the first cause of action is predicated. It was he who retained, on his and her behalf, attorney Martin Gottlieb, Esq., to sue the maker and indorser on both notes, but she was not informed when the judgment thereon was made and entered but later ‘ gathered ’ from her father and brother that it was a 1 lost cause ’ and that Mr. Keilly could not even be located. She also testified that she never discharged her attorney Martin Gottlieb, Esq., whom she never met or spoke to until Friday, May 28, 1965. She did not know if her father had discharged him on her behalf. She admitted that she had left everything to her father, whom she authorized to retain Mr. Gottlieb.
‘ ‘ She denied any knowledge or notice of the judgment debtor’s bankruptcy and did not know if her father had such knowledge or notice; he never informed her. She also stated that she never retained Mr. Gottlieb to enforce or collect her judgment and that he had never notified her of its existence or that the judgment debtor had filed a petition in bankruptcy.
“ She stated that she was unaware that she had won the case until February, 1964, after she had retained her present attorney, Jesse B. Hecht, Esq., to recover the money. :She retained him following a discussion with her husband in the early part of 1964 and he advised her ‘ to look into it ’.
“ Mr. Hecht testified that he was retained by Mrs. Gloria M. Evans in February, 1964 to look into the matter. He obtained from Mr. Gottlieb, whose office is located on the same floor of the office building where he maintains his office, the bailable *102 attachment papers and correspondence with the Sheriff of Nassau County, which was obtained solely on behalf of the co-judgment creditor Adolph Samuels, as well as the notice dated September 5, 1961 received by Mr. Gottlieb from the referee in bankruptcy. Mr. Hecht found that his client had never been scheduled as a creditor in the bankruptcy proceedings for her judgment in the sum of $3,093.97; that only her co-judgment creditor Adolph Samuels had been scheduled for his judgment in the sum of $3,134.47, but in care of Martin Gottlieb, Esq.
“In response to the issues delineated in the order of reference, I find as follows:
“ 1. While Mrs. Evans authorized her father to retain Martin Gottlieb, Esq., to sue on her behalf as well as his on their respective promissory notes, she never retained Mr. Gottlieb to collect her judgment after it was entered by default on February 16, 1959. The fact that Mr. Gottlieb instituted supplementary proceedings on February 25, 1959 solely on behalf of Adolph Samuels to collect his judgment for $3,134.47, and on April 30, 1959, obtained the body attachment in connection with such proceedings, supports the testimony of Mrs. Evans that she never retained him to collect her judgment. Although both judgments were made and entered on the same document, her judgment was for a different amount — $3,093.97— and was bottomed on a different promissory note, albeit in the same series of five notes dated August 8,1958.
“ Mr. Hecht, the present attorney for Mrs. Evans, produced in court the notice of first meeting of creditors and of the order fixing time for filing objections to discharge, dated September 5, 1961, which he had obtained from Mr. Gottlieb. There can be no question then that the latter had notice of the bankruptcy proceedings a few days after the notice dated September 5, 1961 had been mailed. This notice, however, was sent to him solely because the judgment of Adolph Samuels in the sum of $3,134.47 had been scheduled by the bankrupt ‘ c/o Martin Gottlieb, Esq., 261 Broadway, New York, N. Y.’ and not because he had ever been retained by Mrs. Evans, the other judgment creditor, to collect her unscheduled judgment for $3,093.97.
‘ ‘ 2. According to the foregoing notice from the referee in bankruptcy, Mr. Keilly had filed his petition in bankruptcy on September 1,1961; the first meeting of his creditors was scheduled to be held on September 25, 1961; on September 5, 1961 an order was made fixing November 27,1961 as the last day for the filing; of objections to the discharge of the bankrupt. He was discharged on November 23, 1962.
*103 ‘ ‘ I find that Mrs. Evans did not have actual knowledge of the bankruptcy proceedings in time to file proof of debt or to object to discharge. Indeed, I doubt that she was even aware of the bankruptcy until her present attorney informed her thereof following his investigation in February, 1964.
‘ ‘ The judgment debtor, however, urges * * * that since the attorney who had obtained the default judgment for both judgment creditors was served with the Eeferee’s notice of the first meeting of creditors, notice to him was notice to each judgment creditor, notwithstanding that only one of the judgment creditors was scheduled and he ‘ c/o Martin Gottlieb, Esq., 261 Broadway, New York, N. Y.’
‘ ‘ Except in situations where the Legislature has extended the presumption of an attorney’s agency to deal with the judgment he had obtained for a certain period after its entry (Massimino v. Massimino, 5 Misc 2d 1041, 1043; Czupryna v. Strawinski, 50 N. Y. S. 2d 633), it is the general rule * that any presumption that might arise concerning the agency of an attorney would not extend beyond the final judgment or apply to proceedings subsequent thereto ’. (Karpf v. Karpf, 260 App. Div. 701, 704.) In Weiner v. Jones (245 App. Div. 17, 18-19) Mr. Justice Lewis, who subsequently became the Chief Judge of the Court of Appeals, summarized the rule as follows: ‘ An attorney’s power to represent a party to an action which he has instituted ceases upon the entry of final judgment and the issuance of execution thereupon, unless his authority is extended by special agreement. (Averill v. Williams, 4 Den. 295; Kalmanowitz v. Kalmanowitz, 108 App. Div. 296; Conklin v. Conklin, 113 id. 743.) “ In the absence of proof of special authority to an attorney, his acts in directing the levy or the taking of goods upon process are in excess of his general powers as an attorney.” (Welsh v. Cochran, 63 N. Y. 181, 185.) To like effect we have said: ‘1 In the absence of express authority, an attorney is not authorized to give directions on behalf of his client to a sheriff as to what property shall be seized and sold.” (Goebel v. Clark, 242 App. Div. 408, 410.) ’
“ The record in this case fails to disclose evidence of any special authorization given by Mrs. Evans to Mr. Gottlieb, the attorney who had obtained the judgment for her. Indeed, the contrary is indicated by the fact that Mr. Gottlieb had instituted supplementary proceedings on February 25, 1959 solely on behalf of Adolph Samuels, only one of the two judgment creditors. Nor do decisions such as Honig v. Minotti (270 App. Div. 947) and Matter of Keefauver v. Hevenor (163 App. Div. 531) aid the judgment debtor. In Honig, the Appellate Division of *104 the Second Department held that6 notice to the attorney authorized to collect the judgment and actually engaged in the collection thereof, was notice ’ to the judgment creditor. The same court stated in Wyser v. Estrin (285 App. Div. 827, 829) that the holding in Matter of Keefauver ‘ was that it was unnecessary to inquire whether the creditor had notice or actual knowledge of the bankruptcy proceeding in view of the undisputed fact that the debt was duly scheduled. The court did, nevertheless, go on to find that the creditor did have such notice, in view of the fact that an attorney who had been engaged to collect the judgment had been told of the proceeding.’
“ In the instant ease Mrs. Evans’ judgment for $3,093.97 was not scheduled. 'She had no actual knowledge of the bankrupcy proceeding during its pendency and she never had engaged Mr. Gottlieb to collect the judgment after it was rendered. Accordingly, notice of the bankruptcy to him, here, solely in connection with the judgment of $3,134.47 on behalf of her co-judgment creditor Adolph Samuels, who alone was listed in the bankruptcy schedules, was not notice to her. Since she did not authorize Mr. Gottlieb to collect her judgment, it is doubtful whether it would have been discharged even if it had been listed in the schedules in the same manner as was the judgment of her co-judgment creditor.
“ In Wyser the judgment was entered on May 27, 1935. The attorney for the judgment creditor was one Thompson, who had been substituted by Herbert Stern on April 8, 1936. The judgment creditor alleged in her affidavit that prior to the proceedings under review she had no knowledge or notice of the bankruptcy proceeding which was instituted on May 5, 1940. Her attorney, Mr. Stern, also submitted an affidavit verifying that he had represented the judgment creditor in connection with said judgment since April 8,1936 and had no prior knowledge of the bankruptcy proceeding. The judgment debtor, on the other hand, verified that he did not know the judgment creditor’s address and that he scheduled her address in care of attorney Thompson because the latter had sent letters demanding payment of the judgment immediately prior to the filing of the petition. No such letters were submitted to the court. The court held as follows (pp. 828-829): ‘ A discharge in bankruptcy releases the bankrupt from all provable debts except, among others, those which “ have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice or actual knowledge of the proceedings in bankruptcy ” (U. S. Code, tit. 11, § 35, subd. [a], par [3]) and the discharge is ineffective as against *105 a specific debt if the debt was not scheduled in accordance with the provisions of the act (U. S. Code, tit. 11, § 25, subd. [a], par. [8]) which required, as of the time here in question, the setting forth of creditors’ residence addresses (Miller v. Guasti, 226 U. S. 170, affg. sub nom. Guasti v. Miller, 203 N. Y. 259). Strict compliance with these provisions of the statute is required (Horbach v. Arkell, 172 App. Div. 566). "Where a creditor’s address was in fact unknown to the bankrupt, it has been held that the latter must at least have made a reasonable effort to ascertain it for the purpose of scheduling the debt (Horbach v. Arkell, supra; Hyde Park Flint Bottle Co. v. Miller, 179 App. Div. 73; Murphy v. Blumenreich, 123 App. Div. 645; Matter of Quackenbush, 122 App. Div. 456). Despondent has failed to explain why he could not have ascertained appellant’s residence address by inquiry of Thompson or by search in the court records and files of the action in which the judgment was rendered. In our opinion this omission on the part of respondent would not be consistent with a finding that respondent made a reasonable effort to ascertain said address. Under similar circumstances where bankrupts did not set forth the judgment creditors’ addresses, but instead gave the names and addresses of their attorneys, it has been held that the discharges were not operative as against the judgments (Marlowe v. Patt, 277 App. Div. 806; Continental Purchasing Co. v. Norelli, 133 N. J. L. 550, affd. 135 N. J. L. 93).’
1 ‘ In light of the foregoing findings, I recommend the denial of the application.”
This court is of the opinion that the evidence outlined in the foregoing report fully supports the findings and recommendations contained therein. The report is accordingly in all respects confirmed and the application denied.