James P. Griffin, J.
The plaintiff commenced an action against defendants who had executed and defaulted on a promissory note. Judgment was docketed on November 27, 1967. No issue has been raised that the debt on which the judgment was obtained was not founded in willful tort or fraud; nor that same could not be discharged in bankruptcy.
The plaintiff claims that the judgment still stands, although there was an adjudiction in bankruptcy on February 27, 1968, and a discharge in each bankruptcy proceeding, August 7, 1968.
During the bankruptcy defendants purchased the trustee’s interest in the premises of which they were the record owners. Plaintiff bank had filed a proof of claim and received a distribution in each proceeding.
Plaintiff claims that the judgment debtors (defendants) are entitled only to a qualified discharge because the judgment in question was a lien on said premises prior to the bankruutcy proceeding, and that the judgment debtors cannot establish that the lien was invalidated or surrendered in the bankruptcy proceeding or set aside.
*414 Subdivision 4 of section 150 of the Debtor and Creditor Law provides a procedure whereby the bankrupt can apply for a discharge or a qualified discharge of the judgment, and same is not self-effectuating.
The burden is on the creditor to establish that the judgment is not one upon which a discharge in bankruptcy can operate (Matter of Keilly, 47 Misc 2d 99). The debtor likewise has the burden to establish that the judgment was listed and discharge-able in bankruptcy (Bankruptcy Act, § 17; U. S. Code, tit. 11, § 35).
The court in Brenen v. Dahlstrom Metallic Door Co. (189 App. Div. 685, 688) stated: “ The Bankruptcy Act * * * is the supreme law of the land. Its provisions are paramount to any State statute ’ ’.
To permit the qualified judgment to remain of record is tantamount to granting a preference (Bankruptcy Act, § 65, subd. [e]; U. S. Code, tit. 11, § 105, subd. [e]) and equality of distribution has always been the underlying genesis of the Bankruptcy Act. The courts have repeatedly stressed an opportunity for a fresh start and to emerge from the morass of a financial quagmire.
It is likewise true that not every judgment lien is discharge-able in bankruptcy. The court in Fischer v. Paulin Oil Co. (309 U. S. 294, 302) held: “ Although § 67 (f) unequivocally declares that the lien shall be deemed null and void, and the property affected by it shall be deemed wholly discharged and released, the section makes it clear that this is so only under specified conditions. At the date of creation of the lien the bankrupt must have been insolvent; the lien must have been acquired within four months of the filing of the petition in bankruptcy; and the property affected must not have been sold to a bona fide purchaser.”
In other words, the parties are entitled to have issues of fact determined judicially. Then, upon the pronouncement of the discharge in bankruptcy, same relates back to the date of the adjudication (Matter of Salisbury & Sons v. Bootier, 181 Misc. 874; Matter of David, 44 Misc. 516).
Plaintiff’s application of section 150 of the Debtor and Creditor Law is misconceived in its thrust and impotent in its application to the factual presentation herein. Nothing has been shown to estop subsequent discharge in bankruptcy (Multiple Trading Corp. v. Saggese, 178 Misc. 1077). Plaintiff cites Matter of Halpern (54 Misc 2d 541) in opposition. That case holds that creditor did not file any proof of claim and had not surrendered their lien, which is not the case before this court.
*415 The plaintiff exercised its option by filing its proof of claim, surrendering its lien and elected to participate as a general creditor. Subsequently, at a creditors’ meeting the trustee “ knocked down ” the defendants’ residence to the highest bidder, the defendants herein, and issued them a deed. The sale appears to have been made for the benefit of the bankrupt’s estate and its creditors. The plaintiff received, and it is not disputed, a dividend in each bankrupt estate. Subdivision (e) of section 65 of the Bankruptcy Act (IT. S. Code, tit. 11, § 105, subd. [e]) prohibits a creditor from collecting any greater amount from the debtor other than as prescribed in the bankruptcy proceeding. It cannot be heard to say, without submission of facts in support thereof, that the liens were not invalidated and declared null and void in accordance with section 67 of the Bankruptcy Act (IT. S. Code, tit. 11, § 107). Even if there were a conflict between the Federal and State acts, the Federal act controls (IT. S. 'Const., art. YI). There was, in fact, a general distribution amongst the creditors (3 Collier, Bankruptcy [14th ed.], § 57.19). In juxtaposition the creditor herein filed a proof of claim surrendering lien.
One who had received a preference had the option to surrender his preference and file his claim or stand on his preference and abandon his claim He cannot do both (cf. Matter of Wickwire Spencer Steel Co. v. Kemkit Scientific Corp., 292 N. Y. 139).
It is the decision of this court, in accordance with section 150 of the Debtor and Creditor Law, that a discharge be marked on the docket of the judgment.