**Robert C. CONLEY and Dorothy P. Conley, Appellants,**

v.

**LAKE ST. LOUIS ESTATES CO., and John A. Blumenfeld, Respondents.**

No. 40056.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 13, 1979.

**164**

George J. Bagot, Maniscalco, Clancy, Pittman & Bagot, Clayton, for appellants.

Philip G. Kaplan, Clayton, for respondents.

REINHARD, Presiding Judge.

Plaintiffs Robert C. Conley and Dorothy P. Conley appeal from an order of the circuit court granting the motion for summary judgment of defendants Lake St. Louis Estates Company and John A. Blumenfeld.

On May 30, 1974, plaintiffs filed a two count petition in the circuit court. In count one of that petition, plaintiffs alleged breach of contract and breach of the terms of warranty deeds relating to two lots of property in St. Charles County. Pursuant to count one plaintiffs claimed a loss of down payment and expected profit in the amount of $30,000. In count two, which named Lake St. Louis Estates and John Blumenfeld as defendants, plaintiffs sought an injunction against foreclosure of plaintiffs' lots in St. Charles County.[1]

Lake St. Louis Estates Co. filed a petition in August of 1974 for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 701 et seq. On September 27, 1974, defendants filed a memorandum with the circuit court suggesting that Lake St. Louis Estates had filed a petition for an arrangement under Chapter XI of the Federal Bankruptcy Act, said memorandum also directing the court's attention to United States Supreme Court Rule 11–44, which operated to stay any actions against the defendants. A copy of this memorandum was also sent to plaintiffs' attorney.

Under the bankruptcy procedures, the last day for filing claims in the Chapter XI proceedings was April 15, 1975, which also was the day on which Lake St. Louis Estate Company's plan of arrangement was confirmed by the Bankruptcy Court. Plaintiffs filed no claims in the bankruptcy proceeding. October 15, 1975, represented the last day for filing objections to discharge of defendant Lake St. Louis Estates in the Chapter XI proceedings; again, the day passed without plaintiffs' filing any objections to the discharge.

On June 27, 1977, defendants filed a request for admissions to be answered by plaintiffs. In response to these requests, plaintiffs admitted that defendant had filed an action under Chapter XI of the Bankruptcy Act, that plaintiffs had filed no claims prior to the stated deadline, and that plaintiffs had filed no timely objections to the discharge of defendant Lake St. Louis Estates pursuant to the Chapter XI proceeding.

On July 26, 1977, defendants filed a motion for summary judgment asserting that plaintiffs had admitted that their claim was discharged by virtue of the proceedings under Chapter XI of the Bankruptcy Act. Plaintiffs made no response to defendants' motion for summary judgment, and on Oc-

---

1. Plaintiffs had executed a note payable to defendant Lake St. Louis Estates Company. This note was secured by a Deed of Trust in which defendant Blumenfeld was the named "Trustee". No relief was requested of Blumenfeld in Count I. Count II incorporated by reference the allegations of Count I and plaintiffs' request for injunctive relief against Blumenfeld in Count II was premised upon their claims against Lake St. Louis Estates Co.

tober 25, 1977, the court granted defendants' motion. This appeal followed.

The granting of a summary judgment is appropriate only when it is made manifest by the pleadings, depositions, and admissions on file, as well as any affidavits, that there is no genuine issue of material fact. Rule 74.04(c); *Edwards v. Heidelbaugh,* 574 S.W.2d 25, 27 (Mo.App.1978). Furthermore, in ruling on a motion for summary judgment, trial and appellate courts must scrutinize the record in the light most favorable to the parties against whom the motion was filed and the judgment rendered, and to accord such parties the benefit of every doubt. *Edwards v. Heidelbaugh,* 574 S.W.2d at 26–27.

Plaintiffs allege that the trial court erred in granting summary judgment because the defendants failed to contend or prove that they scheduled plaintiffs as creditors in their bankruptcy proceeding. In support of this contention, plaintiffs cite Section 17 of the Bankruptcy Act, 11 U.S.C. § 35(a)(3), which provides:

(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as  .  .  .

(3) have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, *unless such creditor had notice or actual knowledge of the proceedings in bankruptcy.* (Emphasis added)

Under this provision the issue is not, as plaintiffs would suggest, simply whether the plaintiffs were scheduled creditors in defendant's bankruptcy proceeding, because the debt would also be subject to the discharge if the creditor had either notice or actual knowledge of the proceedings in bankruptcy.

The record on review, and as it stood before the trial court considering the motion for summary judgment, comprises in part plaintiffs' admission that defendants had filed a petition for bankruptcy in August of 1974, and that plaintiffs had failed to file either claims before the April 15, 1975 deadline or objections to discharge pri-

or to the October 15, 1975 deadline. Furthermore, the record contains a memorandum filed with the circuit court on September 27, 1974, a full six and one-half months prior to the April 15 deadline for filing claims, suggesting to the court that Lake St. Louis Estates had filed a petition under the Bankruptcy Act. As noted, a copy of this memorandum was sent to plaintiffs' attorney.

We find that the notice provided plaintiffs' attorney, who was at that time acting in the course of his employment by plaintiffs, was notice to plaintiffs in satisfaction of the requirements of Section 17(a)(3) of the Bankruptcy Act, 11 U.S.C. § 35(a)(3). See *Linsenmeyer v. Flood,* 1 Ariz.App. 502, 405 P.2d 293, 295 (1965); *Wise v. Curdes,* 219 Ind. 606, 40 N.E.2d 122, 126 (1942). We further find that the date of such notice, six and one-half months prior to the deadline for filing claims, was sufficient to allow the plaintiffs an equal opportunity to avail themselves of the benefits of the act and to fully protect their rights. See *Moureau v. Leaseamatic, Inc.,* 542 F.2d 251, 253 (5th Cir. 1976), citing *Birkett v. Columbia Bank,* 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (1904); *Brown v. Tucker Professional Associates,* 139 Ga.App. 740, 229 S.E.2d 541, 542 (1976).

Defendants offered evidence of a discharge in bankruptcy sufficient to bar plaintiffs' claim, including evidence of timely notice to plaintiffs of the bankruptcy proceedings. Furthermore, plaintiffs filed no response whatsoever to the motion for summary judgment and raised no issue as to lack of notice or the scheduling of their claim. Rule 74.04(e). Consequently, there was no genuine issue of material fact to prevent the granting of summary judgment on the grounds asserted by defendants.

Affirmed.

GUNN and CRIST, JJ., concur.