In the Matter of Tony FRANKINA, Debtor.

Faith C. DEVERS and John J. Devers, Jr., Plaintiffs,

v.

Tony FRANKINA, Defendant.

Bankruptcy No. 82–02696–B. Adv. No. 82–1874.

United States Bankruptcy Court, E.D. Michigan, S.D.

May 31, 1983.

William F. Branch, Warren, Mich., for debtor.

John J. Devers, Birmingham, Mich., for plaintiffs.

## OPINION

GEORGE BRODY, Bankruptcy Judge.

This is a motion by a creditor for an extension of time within which to file a complaint to except a debt from discharge under section 523(a)(4) of the Bankruptcy Code. The pertinent facts are not in dispute.

On April 27, 1982, John and Faith Devers obtained a default judgment in the amount of $7,635 in Macomb County Circuit Court against Tony Frankina. On May 7, 1982, Tony Frankina (debtor) filed for relief under chapter 7 of the Bankruptcy Code and scheduled the Devers as unsecured creditors, listing their address as "c/o William Boyer, Esquire, [the attorney who represented them in the state court proceeding], 4385 Van Dyke Avenue, Sterling Heights, MI 48077." The court scheduled a section 341 meeting for June 2, 1982. Notice, as required by Rule 409(a)(2), was sent to all scheduled creditors.[1] The notice advised

---

1. Rule 409(a)(2) provides that:

"[t]he court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to section 17c(2) of the Act. The time shall not be less than 30 days nor more than 90 days after the first date set for the first meeting of creditors...."

Rule 409(a)(2) also requires notice to be given to creditors in the manner provided in Rule 203. Rule 203 of the Rules of Bankruptcy Procedure provides in paragraph (c):

The court shall give notice by mail to all creditors of ... the time allowed for filing a complaint to determine the dischargeability of a debt pursuant to section 17c(2) of the Act as provided in Rule 409(a)(2).

The interim bankruptcy rules adopted by this court make 409(a) applicable to complaints to

creditors that the court had entered an order providing that complaints to determine the dischargeability of section 523(a)(2), (4) and (6) debts had to be filed within ninety days from the date set for the section 341 meeting. Such complaints, therefore, had to be filed by August 31, 1982.

When the debtor initiated his bankruptcy proceeding, Mr. Devers was residing in Oregon. Early in August, Mr. Devers called Mr. Boyer to determine the status of his case against the debtor and was informed by Mr. Boyer that the debtor had filed a petition in bankruptcy. On September 2, 1982, the Devers filed a complaint to except their judgment from discharge pursuant to section 523(a)(4) of the Code. Aware that the complaint was not timely filed, he simultaneously filed a motion for an extension of time to permit the late filing. The Devers contend that they were not properly scheduled, that notice to the attorney who represented them in the state court proceeding did not constitute notice to them and, therefore, they are not bound by the time limitation imposed by the court for filing a nondischargeability complaint. Alternatively, they request that the court invoke the doctrine of "excusable neglect" to permit them to file a late complaint.

 The Devers' contention that the mere failure of the debtor to list their proper address in the schedules gives them the right to file a late complaint is without merit. The purpose of requiring a debtor to list his creditors with their proper addresses is to permit notice to be given to the creditors of the bankruptcy filing so that they may have an opportunity to avail themselves of the rights afforded them by the Bankruptcy Code. *Birkett v. Columbia Bank,* 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed.2d 231 (1904); *In re Heyward,* 15 B.R. 629 (Bkrtcy.E.D.N.Y.1981). However, even assuming that the Devers were not properly scheduled, the Devers are not automatically entitled to an extension of time to file their complaint. Section 523(a)(3)(B) provides that a discharge granted in a chapter 7 case does not discharge a debt which is not scheduled in time to permit the creditor to file a timely request for a determination of the dischargeability of the debt "unless such creditor had notice or actual knowledge of the case in time" to file such complaint.[2] The crucial question is whether the creditor received notice of bankruptcy filing in time to file a timely complaint. The Devers concede that they acquired actual knowledge of the debtor's bankruptcy filing in early August of 1982. They, therefore, had notice in ample time to file a complaint.

 However, the assumption that the Devers were not properly scheduled is unwarranted. A creditor is properly scheduled if he is scheduled in a manner that is reasonably calculated to provide him with notice of the bankruptcy proceeding. Since the Devers' address was listed as "c/o William Boyer," the notice of the debtor's bankruptcy filing was mailed to Mr. Boyer. Mr. Boyer, therefore, had knowledge of the bankruptcy filing. Notice or knowledge of an agent may be imputed to the principal "where the agent is acting within the scope of his authority and the knowledge pertains to matters within the scope of the agent's authority. *Curtis, Collins & Holbrook Co. v. United States,* 262 U.S. 215, 43 S.Ct. 570, 67 L.Ed. 956 (1923); *Anderson v. General American Life Insurance Co.,* 141 F.2d 898 (6th Cir.), *cert. denied* 323 U.S. 798 (1944)." *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451, 457 (6th Cir.1982). This general rule has been consistently applied in bankruptcy proceedings in cases where the attorney has been retained by the creditor to collect the debt scheduled in the bankruptcy proceeding or to represent the creditor in that proceeding. *Ford Motor Credit Co.; American Southern Trust Co. v. Vester,* 183 Ark.

---

determine the dischargeability of section 523(a)(2), (4) and (6) debts. Interim Rule 4003.

**2.** 11 U.S.C. § 523(a)(3)(B). Section 523(a)(3)(B) also provides that a debt is not discharged if it is not scheduled in time to permit a creditor to file a timely proof of claim unless a creditor had notice or actual knowledge of the case in time to make such filing. However, the Devers do not contend that they did not have notice of the case in time for filing a timely proof of claim.

9, 34 S.W.2d 747 (Ark.1981); *Wise v. Curdes,* 219 Ind. 606, 40 N.E.2d 122 (1942); *Conley v. Lake St. Louis Estates Co.,* 579 S.W.2d 163 (Mo.App.1979); *Keefauver v. Hevenor,* 163 A.D. 531, 148 N.Y.S. 434 (N.Y. App.Div.1914); *Honig v. Minotti,* 270 A.D. 947, 62 N.Y.S.2d 261 (N.Y.App.Div.1946). Mr. Boyer was retained by Mr. Devers to prosecute and to collect the debt scheduled by the debtor in his bankruptcy proceeding. Mr. Boyer received timely notice of the bankruptcy proceeding. The notice received by Mr. Boyer is, therefore, imputed to the Devers. Justification for imputing the attorney's knowledge of the bankruptcy case to his client in cases where an attorney has been retained to collect the debt scheduled in the bankruptcy proceeding is readily apparent. The filing of a bankruptcy petition has a material impact on how an attorney, retained to prosecute a client's claim, must proceed to adequately represent that client. When the attorney who represents a creditor in an action to collect a debt receives knowledge of the debtor's bankruptcy filing, he has to decide how to proceed to enforce the judgment he obtained. Notice to the attorney is the kind of notice that best insures that the creditor's interest will be protected. *Pure in Heart Baptist Church v. Fulton (In re Fulton),* 3 B.R. 600 (Bkrtcy.E.D.Mich.) *rev'd on other grounds* No. 80–72788 (E.D.Mich. Nov. 14, 1980); *United States v. Bosurgi,* 343 F.Supp. 815 (S.D.N.Y.1972); *Katz v. Kowalsky,* 296 Mich. 164, 295 N.W. 600 (1941); *American Southern Trust Co.; Wise.*

■ The remaining question to be decided is whether the creditor, on the facts presented, should be accorded an opportunity to file a late complaint because of "excusable neglect." The Devers contend that the court should invoke the doctrine of "excusable neglect" because they were in Oregon when the debtor filed his petition and because they had no knowledge of bankruptcy law and procedure. Rule 409(a)(2), in addition to requiring the court to fix a time for the filing of section 523(a)(2), (4) and (6) complaints, provides that "[t]he court may for cause, on its own initiative or on application of any party in interest, extend the time fixed" for filing any such complaint. The Advisory Committee notes to Rule 409(a)(2) state that "the time fixed by the court under paragraph (2) [of 409(a)] may be extended as provided therein and in Rule 906(b)." Rule 906(b)(2) provides that the court may enlarge the time fixed by the court pursuant to any Rule of Bankruptcy Procedure, except for certain specified Rules not applicable here, "where the failure to act was the result of excusable neglect." "Excusable neglect," as used in Rule 906(b)(2), has been held to mean "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Beneficial Finance Co. v. Manning (In re Manning),* 4 B.C.D. (CRR) 304, 305 (Bkrtcy.D.Conn.1978). "Excusable neglect" "requires both a demonstration of good faith by the parties seeking the enlargement and also it must appear that there was a reasonable basis for not complying within the specified period." *In re Four Seasons Securities Laws Litigation,* 493 F.2d 1288, 1290 (10th Cir.1974).

■ Mr. Devers' absence from the jurisdiction when he obtained notice of the bankruptcy filing does not constitute sufficient grounds to justify a finding of "excusable neglect." *Smith v. Stone,* 308 F.2d 15 (9th Cir.1962). Nor is neglect excusable where it results from a lack of knowledge of the substantive and procedural aspects of bankruptcy practice. *In re Heyward.* Mr. Devers is an attorney admitted to practice in the State of Michigan. He received notice of the bankruptcy proceeding in ample time to file a timely dischargeability complaint or to request counsel who had represented him in the state court proceeding to do so. There obviously was neglect, but it was not "excusable neglect" within the meaning of Rule 906(b)(2).

The Ninth Circuit in *Fasson v. Magouirk (In re Magouirk),* 693 F.2d 948 (9th Cir. 1982), observes that the doctrine of "excusable neglect" is very strictly applied when construing Bankruptcy Rule 802, which governs the time for filing a notice of ap-

peal, but that the doctrine is liberally construed under Rule 924, which deals with relief from a judgment or order and holds that the court should apply the standards of Rule 924 rather than Rule 802 when determining whether "excusable neglect" applies under Rule 906. There is no apparent justification for the approach adopted by the court.[3] A debtor's primary reason for filing a petition in bankruptcy is to obtain a discharge of existing indebtedness. The Bankruptcy Rules of Procedure fix times for filing complaints objecting to discharge and to except specific debts from discharge. These Rules were promulgated to permit the debtor, within a stated period of time, to know whether challenges to his discharge or to the dischargeability of specific debts have been lodged. To liberally construe the doctrine of "excusable neglect" in determining whether the filing of a late dischargeability complaint should be allowed would negate the purpose underlying these Rules.

An appropriate order to be submitted.

---

**3.** The court in *Magourik* suggests that the following factors should be considered in determining whether "excusable neglect" exists:

(1) whether granting the delay will prejudice the debtor, (2) the length of the delay and its impact on efficient court administration, (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform, (4) whether the creditor acted in good faith, and (5) whether clients should be penalized for their counsel's mistake or neglect.

*Fasson v. Magouirk (In re Magouirk),* 693 F.2d 948, 951 (9th Cir.1982). Even if this liberal standard were adopted, the creditor has not established the existence of "excusable neglect."